CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY V. WILLIAM S. ELY.

FILED DECEMBER 21, 1906.   No. 14,342.

1. **Railroads: DRAINS: DAMAGES.** Damages are recoverable by a landowner against a railway company for negligently maintaining an insufficient culvert or drain in an embankment, whereby his lands are flooded, although damages may have been recovered by

plaintiff or his grantor for the location of the road, because the damages then recoverable were to be estimated upon the theory that the road would be constructed and maintained in a reasonably proper and skillful manner. *Chicago, R. I. & P. R. Co. v. Andreesen*, 62 Neb. 456, followed and approved.

2. **Cases Distinguished.** *Gartner v. Chicago, R. I. & P. R. Co.*, 71 Neb. 444, and *Fremont, E. & M. V. R. Co. v. Gayton*, 67 Neb. 263, examined and distinguished.

ERROR to the district court for Sarpy county: ABRAHAM L. SUTTON, JUDGE. *Affirmed.*

*M. A. Low and Woolworth & McHugh,* for plaintiff in error.

*H. Z. Wedgwood, contra.*

OLDHAM, C.

This was an action instituted by the plaintiff, as lessee of a farm situated in Sarpy county, Nebraska, for damages to his growing crops caused by the overflow of a running stream. The grounds of the action were that the defendant railway company negligently constructed its roadbed so that it obstructed the channel of a stream of running water, and that by virtue of this obstruction the waters of the stream were dammed up and caused to flow back and remain on the land where the crops were growing, thereby causing a partial loss of all the crops growing on the leased premises. The answer of the company was in the nature of a general denial and a plea of estoppel, by reason of the fact that the defendant company had purchased the right of way across the premises from plaintiff's lessor, who was the owner of the land. On issues thus joined there was a trial to the court and jury, and a verdict and judgment for the plaintiff. To reverse this judgment defendant brings error to this court.

The only contention urged by the defendant railway company is that an action for damages for the overflow of the crops cannot be maintained by the lessee of the prem-

ises, for the reason that the obstruction is a permanent one which, unless interfered with by the hand of man, would continue indefinitely, and for this reason all damages, both past and prospective, are recoverable in but one action which must be instituted by the owner of the freehold. In support of this contention we are cited to the case of *Gartner v. Chicago, R. I. & P. R. Co.*, 71 Neb. 444. In this case the question at issue was whether or not a judgment, rendered in favor of the owner of the land for damages to the land occasioned by the construction of a permanent embankment in the building of the railway, was a bar to a similar action for damages to the land instituted by a subsequent purchaser. It was held that the damages to the land were indivisible, and a judgment therefor was binding on the plaintiff and his privies, but the question of damages to growing crops because of insufficient drainage was not involved in the controversy. The other case relied on is that of *Fremont, E. & M. V. R. Co. v. Gayton*, 67 Neb. 263, which was an action for damages to growing crops. But in this case the insufficient drainage and borrow-pits were all constructed on the lands owned by the railway company, and afterwards certain of these lands were conveyed to plaintiff's grantor and the point determined was that the grantee took the land subject to the visible burdens attached thereto at the time of the purchase. It was held that, "where a railroad company constructs its road across its own land and in so doing erects embankments and bridges and digs ditches and borrow-pits, by reason whereof surface water is or may be collected and discharged upon a particular portion of the track, subsequent grantees of that portion cannot maintain an action against the company by reason of the maintenance of such embankments, bridges, ditches and borrow-pits in their original condtion."

It is clear neither of these cases is applicable to the facts in the case at bar, because this is not an action for injury to the land, but the rather for injuries to growing crops, which are admitted to be the property of the plain-

tiff, who paid a cash rent for the use of the premises. And, again, the crops were not raised on lands which had been purchased by plaintiff's lessor, or any one else, from the railway company after the construction of the bridge and culvert complained of. We think that the undisputed facts place this case clearly within the rule announced in *Chicago, R. I. & P. R. Co. v. Andreesen,* 62 Neb. 456, in which it was said: "Damages are recoverable by a land-owner against a railway company for maintaining an insufficient culvert or drain in an embankment, whereby his lands are flooded, although damages may have been re-covered by plaintiff or his grantor for the location of the road, because the damages then recoverable were to be esti-mated upon the theory that the road would be constructed and maintained in a reasonably proper and skillful man-ner." The doctrine here announced was adhered to in the later case of *Chicago, B. & Q. R. Co. v. Mitchell,* 74 Neb. 563.

We are therefore of opinion that the trial court was fully justified in overruling defendant's request for a peremp-tory instruction directing a verdict in its favor, and we recommend that the judgment of the district court be affirmed.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.