CHARLES F. PRIBBENO, APPELLEE, v. CHICAGO, BURLINGTON & QUINCY RAILWAY COMPANY ET AL., APPELLANTS.

FILED MAY 7, 1908. No. 15,105.

1. **Negligence:** EVIDENCE. Evidence of subsequent repairs made or precautions taken after an accident or the infliction of an injury is not admissible to prove antecedent negligence.

2. **Damages:** EVIDENCE. Where growing crops are totally destroyed as a result of defendant's negligence, plaintiff can recover their fair market value at the time of their destruction, and testimony tending to show their value at that time is competent, even though on cross-examination it appears that the witness did not include in his mental estimate every factor of uncertainty that might enter into the value of the said crops at the time of their annihilation.

APPEAL from the district court for Richardson county: JOHN B. RAPER, JUDGE. *Reversed.*

*F. Martin, F. E. Bishop* and *F. M. Deweese,* for appellants.

*E. Falloon* and *J. E. Leyda, contra.*

ROOT, C.

The Nemaha river flows in a general southeasterly direction through Richardson county. The railroad company's railway is constructed across the valley of said river in an east and west course, crossing the river about a mile and a half east of the village of Preston. Above this crossing the river describes an irregular open loop, its path up-stream from that point being nearly north by west, thence west, and thence southwest. Just at the

45

crossing of the railway the river approaches the foothills on the north side of the valley. The railway is constructed on a grade some eight to fourteen feet above the surface of the ground, and the only opening for the escape of the flood waters in 1900 was underneath the railway bridge which spanned the channel of the stream. In 1900 plaintiff owned a small tract of land and leased a much larger parcel, all situated north of the railway grade west of the bridge, and within the loop of the river hereinbefore described. Plaintiff alleged that the embankment of said railway was negligently constructed, in that provision was not made by way of sufficient openings therein for the escape of the flood waters, and, by reason thereof, said waters were arrested and held back by said embankment, so that at times the water on the north side of the embankment was from four to five feet higher than on the south side, and was held in that condition for days; that in July, 1900, by reason of the premises, the flood waters of said river were checked and thrown back upon the lands owned and leased by plaintiff, and the crops thereon destroyed. Defendants answered by way of general denial, and pleaded the four-year statute of limitations.

1. Over defendant's objection, plaintiff was permitted to prove that subsequent to the flood defendants "lengthened the bridge and took out the ground so the water could go through." Defendants not only objected to the testimony, but moved to strike it out of the record, so the court was well advised that defendants insisted the evidence was incompetent. So far as our brief research has been rewarded, we find that only three courts in the United States permit the introduction of that class of evidence where the issue is the alleged negligence of the defendant, and they are Utah, Kansas and Pennsylvania. In the earlier history of the states a contrary rule was adopted in Minnesota, Georgia and New York. As Judge Elliott demonstrates, the overwhelming weight of authority is against permitting proof that subsequent to the injury defendant made repairs or changed the condition

of the machinery or immovables responsible for the injuries the subject of the suit. 1 Elliott, Evidence, sec. 228; *Nalley v. Hartford Carpet Co.,* 51 Conn. 524; *Sappenfield v. Main Street & A. P. Co.,* 91 Cal. 48; *Corcoran v. Village of Peekskill,* 108 N. Y. 151; *Hodges v. Percival,* 132 Ill. 53; *Shinners v. Proprietors of Locks & Canals,* 154 Mass. 168, 26 Am. St. Rep. 226; *Anson v. Evans,* 19 Col. 274; *Sievers v. Peters Box & Lumber Co.,* 151 Ind. 642; *Dillon v. City of Raleigh,* 124 N. Car. 184; *Cramer v. City of Burlington,* 45 Ia. 627; *Sylvester v. Town of Casey,* 110 Ia. 256; *Terre Haute & I. R. Co. v. Clem,* 123 Ind. 15; *Getty v. Town of Hamlin,* 127 N. Y. 636; *Morse v. Minneapolis & S. L. R. Co.,* 30 Minn. 465, wherein the court overruled its former decisions to the contrary; *Missouri P. R. Co. v. Hennessey,* 75 Tex. 155, 12 S. W. 608; *Georgia S. & F. R. Co. v. Cartledge,* 116 Ga. 164, 42 S. E. 405. This is a leading case wherein Mr. Justice Lumpkin reviews the authorities and overrules the Georgia cases theretofore holding such evidence admissible. *Columbia & P. S. R. Co. v. Hawthorne,* 144 U. S. 202; 6 Thompson, Commentaries on Law of Negligence, sec. 7871; *Standard Oil Co. v. Tierney,* 92 Ky. 367, 36 Am. St. Rep. 595. Kansas has held to the contrary in *St. Louis & S. F. R. Co. v. Weaver,* 35 Kan. 412, 57 Am. Rep. 176; Pennsylvania, in *Lederman v. Pennsylvania R. Co.,* 165 Pa. St. 118; Utah, in *Jenkins v. Hooper Irrigation Co.,* 13 Utah, 100. Pennsylvania and Kansas adhere to their former decisions, and the law in those states may be said to be well settled. We believe logic, reason and sound public policy direct that we follow the rule adopted by the majority of the state courts. The testimony would naturally impel the jurors to believe the railway company had ascertained its fault and was endeavoring to repair its dereliction, hence without question it had admitted its negligence.

2. It is insisted the court permitted witnesses to invade the province of the jury in fixing plaintiff's damage. Plaintiff and his witnesses testified to the value of the crops destroyed, and that was the only proper measure of

damages; the 'crops having been totally demolished. *Chicago, B. & Q. R. Co. v. Emmert,* 53 Neb. 237; *Berard v. Atchison & N. R. Co.,* 79 Neb. 830. The cases cited by defendants where chattels were injured, but not destroyed, and others wherein witnesses testified directly to the conclusion of the amount of damages, not the value of the property, are useless in the instant case. It cropped out in the cross-examination that some of the witnesses in making an estimate of the value of the crop in July assumed as a basis for computation the value of a crop at maturity, less the cost of gathering it. This, of course, was not a proper foundation, because it eliminated the chance of hail, wind-storms, early frosts and other factors possible in the growth of a crop between July and the days of its maturity. Defendants, however, did not ask any instruction on this point, and the evidence was not so absolutely incompetent as to warrant its exclusion on a motion to strike it from the record. Experience teaches us that jurors take testimony as to the amount of damages, or from whence damages may be computed, as advisory, and their verdicts demonstrate they mingle therewith a large percentage of common sense. In the instant case the jury did not bring in a verdict equal in amount to a computation based on the lowest price per acre of the crops as shown by the testimony, and we think defendants are not in position to make complaint on this branch of the case.

3. Complaint is made that the court improperly instructed the jury that the gist of the action was defendants' alleged negligence and want of proper care in the construction of their bridge across the Nemaha, and that the jury's attention was not directed to the allegation that the embankments were negligently constructed. We think that the court might have been more explicit in referring to the embankments rather than the bridge, also that an instruction relating to the burden of proof and the measure of damages might properly have been given, but on the second trial of this case doubtless all those

details will be attended to. We might remark in passing that defendants seemed in nowise anxious that the case should be properly tried, nor did their attorneys do much to aid the trial judge in the proper discharge of his arduous duties, and, if it were not for the plain error heretofore referred to, we would be tempted to affirm the judgment.

4. It was argued at the bar that this cause should be affirmed because the verdict was the only one possible from a consideration of the competent evidence. We have read and reread the evidence, and reluctantly conclude that we cannot say a verdict in the exact amount returned by the jury is the only one logically possible herein. On the entire record, we are constrained to find that prejudicial error was committed in said trial, and we therefore recommend that the judgment of the district court be reversed and the cause remanded for a new trial.

FAWCETT and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED.