WILLIAM W. MORSE, APPELLEE, V. CHICAGO, BURLINGTON & QUINCY RAILWAY COMPANY,· APPELLANT.

FILED MAY 21, 1908.  No. 15,172.

1. **Limitation of Actions.** Where by the negligent construction of a railway embankment and ditches, surface water is discharged upon the land of an adjoining proprietor and his crops thereby injured, such party's cause of action accrues at the date of the injury, and not at the date of the construction of the embankment and ditches.

2. **Railroads: DUTIES OF LESSEE.** Since the duty of maintaining a railroad in suitable and proper condition so as not to unnecessarily injure adjoining proprietors is a continuing one, it is assumed by the lessee of such railroad.

3. **Evidence: NEGLIGENCE.** The question of negligence is for the jury, and it is not necessary to call expert witnesses to give an opinion upon the question whether a railroad was negligent in the manner of constructing and maintaining its roadbed.

4. **Damages: EVIDENCE.** Where the planting of land to a perennial crop, like alfalfa, increases the market value of such land, it is proper to show the damage done by the destruction of a stand thereof by proving the value of the land with and without such stand.

5. ——. The measure of damages for the destruction of a growing crop is the value thereof in the condition in which it exists at the time of its destruction.

6. **Instructions** requested by defendant examined, and no error found in refusing the same.

APPEAL from the district court for Franklin county: ED L. ADAMS, JUDGE. *Reversed.*

*James E. Kelby, Byron Clark, Frank E. Bishop* and *Fred M. Deweese,* for appellant.

*W. H. Miller* and *George W. Prather, contra.*

CALKINS, C.

The railroad hereinafter mentioned was built by the Republican Valley Railroad Company in 1880, sold to the Chicago, Burlington & Quincy Railroad Company in 1884, and leased to the defendant in 1901. Near Bloomington, in Franklin county, the road was constructed east and west at the foot of the bluffs and in the valley on the north side of the Republican river. At and near the Bloomington station the railroad crossed a "draw," running in a southerly direction, and its embankment intercepted the natural course or flow of water collected by such draw in times of rainfall. A ditch had been constructed for a short distance west on the north side of the railroad, where a culvert was provided, through which the water flowing down said draw and through said ditch was discharged upon a tract of level land lying south of the railroad tracks. Some time in 1894 the plaintiff became the owner of this tract of land, and in 1903 the water discharged through the culvert in question flooded the plaintiff's land, and destroyed about 30 acres of alfalfa and the same number of acres planted to corn. In 1904 this land was again flooded in the same manner, damaging or destroying 15 acres of cane and 35 acres of corn. This action was brought by the plaintiff to recover such damage, on the ground that the same was caused by the negligent construction and operation of the said railroad. There was a trial to a jury, and, from a verdict rendered for the plaintiff upon a judgment therein, the defendant appeals.

1. The first point made by defendant is that the plain-

tiff's petition does not state facts sufficient to constitute a cause of action, and the second is that the action is barred by the statute of limitations. As these two points are supported by the same arguments they will be considered together. The defendant argues that the ditch and embankment complained of were permanent, and that the injury done to plaintiff was a natural result of the proper construction of a railroad, and was included in the damages done to the land owned by plaintiff at the time the right of way was taken. It is contended that the plaintiff should have anticipated all the injury that might accrue to his land by reason of any defective construction of defendant's road, and should have brought his action within the statutory period from the date of the completion of the road, and that, since it appears upon the face of the petition that more than ten years have elapsed since said construction, there can be no recovery. This is not the law. A man is not required to anticipate an injury from the probable negligence of some one else. The statute of limitations does not run until the injury has been actually received. *Fremont, E. & M. V. R. Co. v. Harlin,* 50 Neb. 698; *Chicago, B. & Q. R. Co. v. Emmert,* 53 Neb. 237; *Chicago, R. I. & P. R. Co. v. Andreesen,* 62 Neb. 456; *Missouri P. R. Co. v. Hemingway,* 63 Neb. 610; *Chicago, B. & Q. R. Co. v. Mitchell,* 74 Neb. 563; *Chicago, R. I. & P. R. Co. v. Ely,* 77 Neb. 809.

2. The determination of the foregoing questions logically disposes of the defendant's plea that, because it is the lessee, it is not liable for damages resulting from the negligent construction of the ditch and embankment by the original owner. The duty of maintaining a railroad in suitable and proper condition so as not to unnecessarily injure adjoining proprietors is a continuing one, and is by no means ended with the first construction of the road. Ditches have a tendency to fill, embankments wear away, surrounding conditions change, and experience often demonstrates defects in the original design. The duty to meet these changing conditions with reasonable care and pru-

dence is a continuous and never-ending one. From its very nature this duty could not have been fulfilled by the original owner in advance for the period of the term of the lease or for any other period. It was a duty which could only be discharged from day to day and from time to time in the maintenance and operation of the road, and was therefore a duty which could only be performed by the lessee, who was the owner for the time being. We do not decide whether the lessor might be jointly held with the lessee; but we are satisfied that the latter is liable to the same extent as the former would have been had it continued in possession.

3. The defendant contends that the verdict is not supported by sufficient evidence, in that there is no showing whatever as to its unnecessarily or negligently injuring plaintiff. If it is meant by this that no expert witness was called to pass judgment upon the method used by defendant in maintaining its roadbed at this point, the answer must be that such testimony was not necessary. The evidence sufficiently shows what was done and what the result was; and it was a question for the jury whether the defendant was chargeable with negligence. *Fremont, E. & M. V. R. Co. v. Harlin, supra.*

4. The plaintiff offered evidence tending to prove that the overflow of water complained of killed a stand of alfalfa on about 30 acres of land in 1903, and he offered and was permitted to introduce testimony showing what the land was worth with the alfalfa growing upon it, and what it was worth without the alfalfa. In this we discover no error. It is well known that seeding to alfalfa is a hazardous process, the result of which cannot be accurately predicted, and failures often result from conditions altogether beyond the control of the husbandman. Under these circumstances, the difference in value between land having a successful stand of alfalfa and land without the same would be a safer measure of the value of such stand than would the cost of again seeding to alfalfa.

5. It is claimed by the plaintiff that 30 acres of corn

were destroyed in 1903, and 15 acres of cane and 35 acres of corn in 1904. The evidence as to the time of the destruction of these crops is very indefinite. In one place it is said that the first cutting of alfalfa was destroyed, and in another that the corn was as high as the head of the attorney for the plaintiff, and we may therefore reasonably presume that it was some time in midsummer. The only evidence offered by the plaintiff as to the crops of 1904 was concerning their value in the fall. The general rule is that the value of a growing crop in the condition in which it exists at the time of its destruction is the measure of damages. *Fremont, E. & M. V. R. Co. v. Harlin, supra; Berard v. Atchison & N. R. Co.,* 79 Neb. 830; *Chicago, B. & Q. R. Co. v. Emmert, supra.* No evidence was offered of the necessary expense of cultivating, harvesting and marketing the crop; and this estimate eliminated the chance of hail, windstorms, early frosts and other hazards to which a crop is exposed between midsummer and autumn. The amount of the verdict, $1,500, does not indicate that the jury made any substantial deductions upon its own motion, and we think the error was material.

6. The remaining errors assigned by the defendant relate to the giving and refusal of instructions. Instruction No. 2, given by the court on its own motion, is criticized on the ground that it submitted to the jury the question of the negligent construction of the roadbed, and use and operation thereof, when no such issue was made. Such an inaccuracy will probably not occur upon a second trial, and, as the case must be reversed for the reasons hereinbefore stated, it is not necessary to determine whether this instruction was prejudicially erroneous. Instruction No. 7, requested by the defendant, was prepared to present its view of the statute of limitations, which we have already considered, and it was properly refused. Instruction No. 5, requested by the defendant, was properly refused for the reason that the court had already instructed the jury that the burden of proof was upon the plaintiff

to prove the negligence charged. Instruction No. 6 was incomplete, in that it omitted the element of the defendant's duty to avoid the infliction of unnecessary damage upon the adjoining property owners.

We discover no error except that committed in the admission of the evidence relating to the measure of damages, and for that error we recommend that the judgment be reversed and the cause remanded for further proceedings according to law.

FAWCETT and ROOT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED.