FREDERICK B. ISKE, APPELLEE, V. MISSOURI PACIFIC RAILWAY COMPANY, APPELLANT.

FILED JUNE 16, 1913. No. 17,185.

1. **Railroads: SURFACE WATERS: DIVERSION: NEGLIGENCE.** When in the construction of a railroad it becomes necessary to cross a natural channel or waterway through which storm or surface

waters have been accustomed to flow, it is negligence upon the part of the company to construct its embankment in such a manner as to obstruct or dam the natural waterway and thereby divert the waters which may reasonably be expected to flow therein upon the lands of others.

2. ———: ———: ———: DAMAGES. "Damages are recoverable by a landowner against a railway company for negligently maintaining an insufficient culvert or drain in an embankment, whereby his lands are flooded, although damages may have been recovered by plaintiff or his grantor for the location of the road, because the damages then recoverable were to-be estimated upon the theory that the road would be constructed and maintained in a reasonably proper and skilful manner." *Chicago, R. I. & P. R. Co. v. Ely,* 77 Neb. 809.

3. Waters: SURFACE WATERS: DIVERSION: CONTRIBUTORY NEGLIGENCE. A landowner. is entitled to rely on the belief that an adjoining proprietor will refrain from wrongfully and negligently diverting flood waters upon his premises, and it is not his duty to anticipate such wrongful action by digging a ditch before floods come, or by deepening or cleaning out one already constructed.

APPEAL from the district court for Sarpy county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*E. M. Morsman, Jr.,* for appellant.

*W. R. Patrick, contra.*

LETTON, J.

Action to recover damages to plaintiff's crops, which the petition alleges were caused by the negligent obstruction of a natural drainage channel, whereby storm and surface waters were diverted from their natural course upon plaintiff's land. The answer was a denial of negligence, a denial that defendant diverted the waters contrary to their natural flow, and a claim that the damage to the land was included in the compensation paid for the right of way. The jury returned a verdict for the plaintiff, and from a judgment on the verdict defendant appeals.

Defendant relies for a reversal upon three main points argued in its brief. The first is that in charging the jury

the court erred by omitting all reference to the question of negligence, and by permitting the jury to find against defendant if they found certain facts to exist, irrespective of whether these facts in the opinion of the jury constituted negligence. In this connection it complains specially of instruction No. 6, given by the court. It is unnecessary to set this instruction forth at length, but, in substance, it told the jury that, if before the erection of the embankment by defendant the surface waters flowed across the defendant's right of way through a well-defined channel or course, then it was the duty of the defendant in the erection of the embankment to so construct it as to leave an opening "sufficient to afford an outlet for all waters that might reasonably be expected to flow through said channel or waterway," and, "if defendant failed to do so, it would be liable in damages for such injuries as were the direct and natural result of such failure."

Defendant's position is that the evidence shows that its track was considerably lower than the ground at the mouth of the draw or drainage channel, and that, since it could not construct a culvert at that point, it should have been left to the jury to say whether or not failure to do so was negligence. We cannot take this view. We have repeatedly held that, when in the construction of a railroad it becomes necessary to cross a natural channel or waterway through which storm or surface waters have been accustomed to flow, it is negligence upon the part of the company to construct its embankment in such a manner as to obstruct or dam the natural waterway and thereby divert the waters which may reasonably be expected to flow therein upon the lands of others. Defendant's railroad may be constructed without negligence so far as the operation of trains is concerned, and yet at the same time it may be negligently constructed so far as relates to the right of of adjoining proprietors upon whose lands such waters are diverted. The negligence in the latter case exists in failing to provide for the natural flow of the waters in their accustomed channel and their consequent diversion.

By other instructions the jury were told that the gist of the action was negligence in the closing of a natural channel and the diversion of the waters, and that before the plaintiff could recover it must appear that such overflow and the injury sustained thereby were directly and naturally the result of the negligent or wrongful act on the part of said defendant which is charged against it in the petition. The law relating to this subject has been so repeatedly declared that it seems almost unnecessary to cite authorities. *Fremont, E. & M. V. R. Co. v. Harlin,* 50 Neb. 698; *Chicago, R. I. & P. R. Co. v. Andreesen,* 62 Neb. 456; *Chicago, R. I. & P. R. Co. v. Shaw,* 63 Neb. 380; *Missouri P. R. Co. v. Hemingway,* 63 Neb. 610; *Roe v. Howard County,* 75 Neb. 448; *Chicago, R. I. & P. R. Co. v. Ely,* 77 Neb. 809; *Reed v. Chicago, B. & Q. R. Co.,* 86 Neb. 54.

Defendant also claims that, even under this theory of the law, appellant was not liable unless in constructing an embankment it caused the waters to flow in a direction contrary to the *natural* flow thereof—meaning the direction in which they flowed before the intervention of any act of man—and say in this connection that the construction of the line of the Chicago, Burlington & Quincy railroad diverted the waters prior to the building of defendant's road. It is shown, however, that this railroad has a sufficient culvert at the point where it crosses the ravine so that the waters flowed in their accustomed course. The evidence shows, also, that the defendant constructed an embankment and ditch on the west side of its track opposite the mouth of the ravine, extending for a distance of 40 or 60 rods, and that before this was built the water flowed in a southeasterly direction across the line of both railroads, but that afterwards all the waters coming from the ravine were directed in a northeasterly direction to the plaintiff's land. The evidence is clear, therefore, that these waters were diverted from their natural course.

It is also contended that defendant paid to the owner of the Iske farm at the time it acquired its right of way by condemnation the value of all future damages caused by a

non-negligent construction and maintenance of the railroad, and that this contention should have been submitted to the jury. It has been repeatedly decided by this court that for such damages as are claimed in this case the fact that condemnation money has been paid is no defense. When such proceedings are had, the damages are appraised upon the theory that the railroad company will provide the necessary outlet for waters flowing in such a ravine; and, if the company is negligent in that respect, the person damaged thereby may recover. *Missouri P. R. Co. v. Hemingway,* 63 Neb. 610; *Chicago, R. I. & P. R. Co. v. Andreesen,* 62 Neb. 456; *Chicago, B. & Q. R. Co. v. Mitchell,* 74 Neb. 563; *Chicago, R. I. & P. R. Co. v. Ely,* 77 Neb. 809; *Reed v. Chicago, B. & Q. R. Co.,* 86 Neb. 54.

It is next urged that the plaintiff was guilty of contributory negligence by reason of his failure to open or deepen a ditch upon his land which would carry off all the waters.

If the defendant by its wrongful act diverted water upon the plaintiff's premises, we know of no principle of law which made it his duty to anticipate such wrongful action by digging a ditch before floods came, or by deepening or cleaning out one already constructed. A landowner is entitled to rely on the belief that an adjoining proprietor will refrain from wrongfully and negligently diverting flood waters upon his premises.

We find no error in the record, and the judgment of the district court is                              AFFIRMED.

BARNES, SEDGWICK and HAMER, JJ., not sitting.