JOHN O. ANDERSON, APPELLEE, v. UNION PACIFIC RAIL-
ROAD COMPANY, APPELLANT.

FILED OCTOBER 4, 1919. No. 20423.

1. **Evidence: MAPS.** A map or drawing shown to be reasonably ac-
curate may be admitted in evidence as an aid to the court and
jury in making intelligible the evidence respecting the location of
objects that are the subject of investigation.

2. **Negligence: EVIDENCE.** "Evidence of subsequent repairs made or
precautions taken after an accident or the infliction of an injury
is not admissible to prove antecedent negligence." *Pribbeno v.
Chicago, B. & Q. R. Co.*, 81 Neb. 657.

APPEAL from the district court for Dawson county:
RALPH W. HOBART, JUDGE. *Reversed.*

*Edson Rich, C. A. Magaw* and *Thomas F. Hamer,* for
appellant.

*W. A. Stewart* and *Cook & Cook, contra.*

DEAN, J.

Plaintiff began this action to recover damages to grow-
ing crops said to have been caused in June, 1915, by
defendant's failure to provide an outlet for the escape
of surface water under its roadbed and for closing "a
waterway, maintained under its roadbed about one mile
west of the plaintiff's land, and thereby a great portion
of said waters were cast upon the plaintiff's land."
Plaintiff recovered a verdict and judgment thereon, and
defendant appealed.

Defendant points out that plaintiff was permitted over
its objection to prove that defendant, after the alleged in-
jury, installed a culvert under its railroad tracks, ap-
parently for the purpose of preventing a repetition of the
injury complained of. On this point plaintiff called Dr.
Rosenberg, who testified: "Q. Doctor, state if you know
about a culvert or drum recently being placed under
and across the defendant's right of way up near the

Strohmeyer place about a mile west of the plaintiff's land. (Objected to as incompetent, irrelevant, immaterial, and after the occasion of the alleged injury. Overruled. Exception.)  A. Yes, sir; I know about that culvert—have seen it.''

It will be observed that the question objected to was put to the witness substantially in the language contained in plaintiff's petition, and refers definitely to a place about one mile west of plaintiff's land.  The plaintiff complains because the objection of defendant contained the words, ''and after the occasion of the alleged injury,'' and says that, because Dr. Rosenberg's testimony was in the form of a deposition, defendant's objection should have been made in writing and filed before the trial commenced; and to support his contention cites section 7956, Rev. St. 1913.  We do not think the statute applies here, because the question was clearly incompetent, and the defendant had the right, and it was his duty, to challenge the court's attention to the error and to give the reason why the objection was made.

In view of the former decisions of this court on this point, it seems that the objection should have been sustained.  In *Pribbeno v. Chicago, B. & Q. R. Co.,* 81 Neb. 657, it is said: ''Evidence of subsequent repairs made or precautions taken after an accident or the infliction of an injury is not admissible to prove antecedent negligence.''  The rule there announced was adhered to in *Tankersley v. Lincoln Traction.Co.,* 101 Neb. 578. These cases present many authorities, which need not be here reviewed.  Merely to invite the attention of the jury to the recent construction by defendant of a culvert at the place indicated in counsel's question may have been sufficient to have induced the jury to conclude that the culvert would not have been installed, had it not been for the infliction of the damage complained of by plaintiff, and might also be taken as a confession of negligence.  Nor is it improbable to believe that the

amount of the verdict would be influenced by testimony of the character objected to by defendant.

Defendant also objected to the court permitting plaintiff to prove the amount and value of the feed that he was compelled to buy for his live stock that was made necessary by the destruction of his crops as being "too remote and speculative, and if proved and permitted it permits a double recovery." It seems clear to us that this objection should have been sustained. The sole question for determination was respecting the value of the crops and property destroyed by the negligence, if any, of defendant.

Defendant says the court erred in admitting a certain map purporting to show the location of certain points in controversy. In this class of cases a map or chart that is shown to be reasonably accurate is helpful in making intelligible the testimony of the witnesses respecting the location of objects that are the subject of investigation. We have found them to be an aid in the review of cases brought here on appeal. We do not think the court erred in the admission of the map. 10 R. C. L. 1152, sec. 355.

Defendant contends that the testimony does not support the verdict. We are unable to pass intelligently on this point because of the admission of the prejudicial evidence that is hereinbefore noted. It may be that the verdict is based in part on the incompetent testimony to which exception was taken. Besides, the case is for retrial.

In the present state of the record, the judgment must be reversed and the cause remanded for a new trial.

REVERSED.

Rose, J., not sitting.