# TWO STATES TELEPHONE CO. v. HURLEY. (No. 2644.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 28, 1923. Rehearing Denied March 8, 1923.)

**1. Electricity ⊜19(5)—Finding that fire was caused by contact between telephone and electric light wires sustained.**

In an action against a telephone company for the value of household goods destroyed by fire, evidence *held* sufficient to support a finding that the fire originated from telephone wires coming in contact with electric light wires.

**2. Appeal and error ⊜930(2)—Jury instructed to find value of plaintiff's property assumed not to have included property she did not own.**

Where the greater part of property, for the loss of which plaintiff sued, was hers individually, and the amount recovered was less than that to which she was entitled according to her testimony as to the value of her own property, it must be assumed that the jury, which was instructed to find the value of "plaintiff's property," did not include property she did not own.

**3. New trial ⊜108(2)—Newly discovered testimony held insufficient to authorize new trial.**

Testimony of a witness, discovered after the trial of an action in which plaintiff had judgment for the value of household goods destroyed by fire, found to have been caused by telephone wires coming in contact with electric light wires, that when he first saw the building the smoke was coming through the roof, *held* insufficient to authorize a new trial

as requiring a different finding as to how the fire originated.

Appeal from District Court, Hopkins County; Geo. B. Hall, Judge.

Action by Mrs. Mayme Hurley against the Two States Telephone Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Clark & Sweeton, of Greenville, and Dial, Melson & Davidson, of Sulphur Springs, for appellant.

Connor & Ramey, of Sulphur Springs, for appellee.

HODGES, J. The appellee filed this suit to recover the value of household goods destroyed by fire in February, 1920. At that time she occupied a rooming house on one of the principal streets in Sulphur Springs, Tex. The fire occurred at about 11 o'clock at night. She seeks to recover the sum of $5,641.75, the alleged value of the furniture, wearing apparel, and other property destroyed. It is alleged that the fire originated because of the negligence of the appellant in permitting its telephone wires to come in contact with a heavily charged electric light wire belonging to another corporation. The house occupied by the appellee was situated on the south side of College street. The telephone wires in entering the building passed under the wires of the electric light company. In response to special issues, the jury found (1) that the wires of the appellant going into the house occupied by the plaintiff came in contact with the electric light wires; (2) that such contact was the result of negligence on the part of the appellant in the construction and maintenance of its line; (3) that such negligence was the proximate cause of the fire; (4) that the actual value of the plaintiff's property destroyed was $1,500.

The telephone company has appealed, and presents three principal grounds for a reversal of the judgment: (1) That the evidence was insufficient to sustain a finding that the fire originated from the telephone wires; (2) that the appellee was allowed to recover for the loss of property she did not own; (3) that a new trial should have been granted upon the ground of newly discovered evidence. These will be discussed in the order above stated.

[1] The evidence relied upon to show the cause of the fire was in the main circumstantial. The telephone wires passed under and in close proximity to a primary and heavily charged electric light wire a short distance from the residence that was burned. Flashes of light had been seen by observers to pass between the telephone wires of the appellant and electric light wires at or about the point where they crossed. Noises emanating from the telephone instrument in the residence were heard at or about the time the fire originated, indicating an unusual condition in the telephone instrument. The fire apparently originated about where the wires were located in the house. It was shown that there was no other probable cause for the fire. While the finding of the jury upon that issue would be more satisfactory if based upon stronger circumstances, we cannot say it was without sufficient legal support.

[2] Concerning the second question, the evidence showed that a part of the property burned belonged to the community estate of the appellee and her deceased husband, and a part belonged to her two minor children. The greater part of it, however, was hers individually. The total amount sued for was over $5,000. The amount recovered was $1,-500, which is less than that which the plaintiff under the evidence had a right to recover if her testimony as to the value of her own property be correct. In the question submitted the court required the jury to find the value of the "plaintiff's property." We must assume, in the present state of the record, that this instruction was obeyed and that the jury did not include in that valuation property which the plaintiff did not own.

[3] Appellant claims that after the trial it discovered a witness who would testify to new and important facts. An examination of the affidavit of this witness discloses that his testimony would not, if true, require a different finding upon the important issue as to how the fire originated. When he first saw the building, according to his statement, the smoke was coming through the roof of the house. He knows nothing about where the fire first broke out. His testimony is not materially different from that which was adduced upon the trial.

The judgment will be affirmed.