## GULF PIPE LINE CO. v. SMITH et al.
### No. 4059.

Court of Civil Appeals of Texas. Texarkana.
Oct. 9, 1931.

Rehearing Denied Oct. 22, 1931.

Joe S. Brown, of Houston, McKinney & Berry, of Cooper, and Emmet Thornton, of Sulphur Springs, for appellant.

J. K. Brim, J. E. Spence, and T. J. Ramey, all of Sulphur Springs, for appellees.

WILLSON, C. J. (after stating the case as above).

It appearing from testimony of appellee Frank Chapman as a witness in his own and his coappellee's behalf that one N. M. Dawson owned an interest in about 100 head of the hogs on account of which appellees sued, appellant filed a "plea in abatement," in which it alleged that it did not know of such interest in said Dawson until said Chapman so testified, and in which it prayed that appellees' suit be dismissed.

As supporting its contention that the trial court erred when he overruled the plea and

proceeded with the trial of the case, appellant cites Adams v. Bankers' Life Co., 36 S. W.(2d) 182, 185, where the Commission of Appeals said: "The nonjoinder of a party necessary to the main issue is fundamental, and requires either a dismissal of the suit or a stay of proceedings until such party can be brought in. This is the rule, no matter when or how the absence of such party may become apparent. De La Vega v. League, 64 Tex. 205; Buffalo Bayou Ship Channel Co. v. Bruly, 45 Tex. 8. The objection of nonjoinder of such a party may be made by plea in abatement, general demurrer, special exception, motion for new trial, suggestion of fundamental error on appeal, or otherwise; whenever it comes to the knowledge of the court, the result must be the same—either the dismissal or stay of the case. Townes Texas Pleading (2d Ed.) p. 288; 1 Tex. Jur. p. 144."

As supporting the judgment appellees cite Two States Telephone Co. v. Hurley, 248 S. W. 424, 425, when Justice Hodges, speaking for this court, said: "The evidence showed that a part of the property burned belonged to the community estate of the appellee and her deceased husband, and a part belonged to her two minor children. The greater part of it, however, was hers individually. The total amount sued for was over $5,000. The amount recovered was $1,500, which is less than that which the plaintiff under the evidence had a right to recover if her testimony as to the value of her own property be correct. In the question submitted the court required the jury to find the value of the 'plaintiff's property.' We must assume, in the present state of the record, that this instruction was obeyed and that the jury did not include in that valuation property which the plaintiff did not own."

■■■ An examination of the record in the Hurley Case discloses that the contention the court was there called upon to determine was as to whether or not it appeared Mrs. Hurley was allowed to recover for the loss of property she did not own. The court concluded it could not say it so appeared, and overruled the assignment presenting the question. The question for determination in the instant case is not that, but is to whether, it appearing from the testimony referred to that Dawson owned an interest in the hogs on account of which appellees sued, the court erred when he overruled the plea in abatement. In the light of the holding of the Adams Case, referred to above, we think there is no escaping the conclusion that the court did err when he so ruled. And on the record before us we think it is plain it should not be said the error was a harmless one.

As the cause is to be remanded for a new trial because of the error of the court in overruling the plea in abatement and proceeding with the trial as he did, we will briefly notice some of the other contentions presented in appellant's brief.

■ Negligence charged against appellant was its act in carrying its pipe line under or through the levee. Over appellant's objection, appellee was permitted to prove by the witness Kirven that, after the break in the levee occurred, appellant so changed its pipe line as to carry same over the levee. The ground of appellant's objection was that the fact that appellant had so changed its pipe line was irrelevant to any issue in the case, and that permitting appellee to prove it was prejudicial to appellant's rights, in that the jury might have treated the fact as a confession of negligence on its part in carrying the pipe line under or through the levee. It is clear in the light of the authorities that the testimony was not competent to prove negligence on the part of appellant as charged against it (45 C. J. 1232; Louisville & N. Ry. Co. v. Williams, 165 Ky. 386, 176 S. W. 1186, L. R. A. 1915E, 613; Pribbeno v. Ry. Co., 81 Neb. 657, 116 N. W. 494; Perry v. Levy, 87 N. J. Law, 670, 94 A. 569), and we do not understand appellees as being in the attitude of contending it was. Their contention seems to be that the testimony was admissible to show control of the pipe line by appellant at the time it was carried through or under the levee. There is authority for holding that such testimony was admissible for that purpose [Gulf Pipe Line Co. v. Bailey (Tex. Civ. App.) 40 S.W.(2d) 938], and the majority of the members of this court think appellant's contention should be overruled. The case referred to above (Gulf Pipe Line Co. v. Bailey) was for damages other parties than appellees here claimed to have suffered from the same overflow. The writer participated in the decision of that case, and agreed that the testimony was admissible for the purpose stated. He is not prepared now to say that the holding was error on the record in that case, but he thinks it was error to admit the testimony on the record in this case, and that the assignment complaining of the ruling should be sustained. However, it is overruled in conformity to the view of the majority.

In its answer appellant charged that appellees were guilty of contributory negligence, in that, by the exercise of proper care after they knew the levee probably would break, they could have driven (and did not) the stock to parts of the pasture safe from the overflow which occurred; and charged, further, that, after the overflow occurred, appellees by the exercise of proper care could (and did not) have lessened damages they suffered. There was evidence tending to support the charge first mentioned, and the court submitted to the jury an issue as to whether appellees were guilty of contributory negligence in failing, after they had notice of the leak and before the levee broke, to drive the cattle to safe places in the pasture. However,

the court refused to submit to the jury an issue requested by appellant as to whether appellees by the use of proper care after the levee broke could have lessened damages they suffered, and appellant complains here of such refusal. As we view the testimony set out in appellant's brief, the action of the court was not error, because said testimony did not present such an issue.

Some of the contentions presented in appellant's brief present questions not likely to arise on another trial, and for that reason need not be stated. Others, not in effect disposed of by what has been said, are overruled because not tenable, as we view the record.

### On Motion of Appellees for a Rehearing.

Insisting that this court erred when it determined that the judgment should be reversed for the reason stated in the opinion disposing of the appeal, appellees, in the event their contention is overruled, enter a remittitur of the amount, $525, adjudged in their favor on account of injury to hogs, as found by the jury. The contention referred to is overruled, but the motion is granted so far as it is to set aside the judgment rendered here and modify the judgment of the court below so as to award appellees a recovery of $1,879 and interest thereon at the rate of 6 per cent. per annum from February 25, 1931, said $1,879 being the amount of the judgment of the court below, less $525, the amount of said remittitur. As so modified, said judgment of the court below will be affirmed.