JOHN KERN, APPELLEE, v. FRENCHMAN VALLEY IRRIGATION DISTRICT, APPELLANT.

FILED JUNE 9, 1933. No. 28555.

*Lehman & Swanson* and *Cordeal, Colfer & Russell*, for appellant.

*J. F. Ratcliff, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, DAY and PAINE, JJ., and MESSMORE, District Judge.

GOSS, C. J.

Defendant appeals from a judgment in favor of plaintiff for damages resulting from flooding ten acres of unmatured corn crops by reason of defendant's lateral being negligently maintained and operated. The damages occurred to two successive crops planted the same year on the same land. The first flooding was about May 31, 1928, and, after replanting, the second flooding was about June 15, 1928. The jury gave a general verdict for $100, but, in answer to special interrogatories, fixed $50 as the damages to each crop.

Defendant assigns as errors, first, that there was no competent evidence as to damages, and, second, that the jury were not properly instructed as to the measure of damages.

The evidence as to damages, while not so concisely accurate and adequate as might be desired from the academic viewpoint, was, we think, competent. We assume that the evidence would be understood in its practical aspects by the type of jurors drawn from the agricultural area in which the case was tried.

Without quoting the words of the necessarily long instruction on the measure of damages and the things to consider in determining the value of a crop destroyed, it suffices to say that it was, in substance, a paraphrase of the instruction given in *Hopper v. Elkhorn Valley Drainage District,* 108 Neb. 550, so far as was necessary to cover the facts in common. In that case the court said: "The measure of damages to a growing crop by a wrongful act or omission which destroys it is its value at the time and place of destruction." This is the general rule. *Fremont, E. & M. V. R. Co. v. Marley,* 25 Neb. 138; *Berard v. Atchison & N. R. Co.,* 79 Neb. 830; *Chicago, B. & Q. R. Co. v. Emmert,* 53 Neb. 237; *Pribbeno v. Chicago, B. & Q. R. Co.,* 81 Neb. 657; *Morse v. Chicago, B. & Q. R. Co.,* 81 Neb. 745; *Boyd v. Lincoln & N. W. R. Co.,* 89 Neb. 840. With the instruction on the general rule should be coupled a direction to consider the facts in evidence.

In the instant case the court gave the substance of the foregoing general rule, recited a number of evidential facts to be considered by the jury in determining the value of the crop at the time of its destruction, and then added the inclusive words "and any other facts and circumstances shown by the evidence to establish such value." There was no prejudicial error in the instruction.

We find some difficulty in harmonizing the general verdict of $100 and the special findings that the damages to each crop were $50. This difficulty arises out of the fact that there was no real market for an unmatured crop so young as this. Necessarily the evidence of value was based somewhat upon the elements of the cost of production, the probable yield, and the market value of matured crops that year. Only one crop, of course, could have been matured on this land. While the amount involved is not large, yet the verdict appears to be excessive. The appellant is here rather for the purpose of obtaining an adjudication of the applicable rule. In the circumstances, we have determined that we will hold the judgment over $75 to be excessive. Unless appellee within

twenty days file a remittitur of $25, as of the date of the judgment in the district court, the judgment will be reversed; if such remittitur be so filed, the judgment for $75 will be affirmed.

AFFIRMED ON CONDITION.