ANN COLRICK, as Administratrix, etc., Respondent, v. SARAH A. SWINBURNE, et al., Appellants.

The diversion by the owner of land, on which is a spring, of the water of the spring from its natural channel, whereby an owner below is deprived of the use of the water on his premises, is a legal injury for which the party injured is entitled to compensation in damages.

Whether the use made by the owner of the spring is a reasonable exercise of his right, is a question of fact for a jury.

Where the injury complained of was the diversion of the waters of a spring from plaintiff's tannery *held*, that the diminished rental value during the period of diversion was the proper measure of damages.

Where a complaint in such an action set forth the facts, *held*, it was not material that plaintiff did not demand the precise damages to which he was entitled, or that he mistook the true rule of damages; that he was entitled to whatever legal damages were recoverable for the wrong.

Where a bill of particulars in such an action has been served, and evidence is received without objection, showing other damages than therein set forth, the objection that plaintiff must be confined to a recovery of damages of the exact nature therein specified, may not thereafter be raised. It should be raised by objection to the testimony on the ground of variance from the bill of particulars.

Such a diversion of water is a continuing injury and is not referable exclusively to the day when the original wrong was committed, and although that was more than six years before the commencement of the action to recover damages, the action is not barred by the statute of limitations except as to the damages which accrued prior to the six years, adding thereto in case the action is by or against an executor or administrator the further extension allowed in such cases.

Where the action is against an executor or administrator the three years statute of limitations (Code Civil Pro. § 383), does not apply, as the action is not for taking, detaining or injuring personal property.

Where it is claimed by defendant in such an action that plaintiff's damages have been enhanced by his own culpable negligence or inaction, the burden of proving this is upon defendant.

(Argued October 11, 1886; decided May 3, 1887.)

Aᴘᴘᴇᴀʟ from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made November 14, 1884, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

This action was brought originally by Thomas Colrick, the present plaintiff's intestate, against defendants as administrators of Richard G. Swinburne, deceased. The complaint alleged that plaintiff was the owner of a tannery on a stream arising from a spring on land owned by defendant's intestate at the time of his death, and that plaintiff had the right to use the water of said stream for the purposes of his tannery; that defendant's intestate wrongfully diverted the waters of said spring and stream and so deprived plaintiff of the use of the same for six years prior to the death of said intestate, which "diversion and unlawful interference was to plaintiff's damages to the amount of $1,500 for said years," for which sum judgment was demanded.

The facts, so far as material, are stated in the opinion.

*Ira Shafer* for appellants. The literal observation of the law requiring one to return the water, after its use, to its original course, was not required to the extent of every particle of the water, but only to a reasonable extent. ( *Wadsworth* v. *Tillotson*, 15 Conn. 369.) It was error for the referee to admit evidence of the value of the use of the tannery premises for tannery purposes. And to find that the value of the use of the water as used by the plaintiff, in his business, was the measure of the plaintiff's damages. (*Phyfe* v. *Man. R. R. Co.*, 30 Hun, 377; *Leed* v. *Met. Gas Co.*, 90 N. Y. 26; *Houghkirk* v. *D. & H. C. Co.*, 92 id. 219; *In re N Y., L. & W. R. R. Co.* v. *Haskin*, 29 Hun, 1; *Mathews* v. *D. & H. C. Co.*, 20 id. 427 · *Fitzpatrick* v. *Woodruff*, 47 Supr. Ct.,

[J. &. S.] 436; *Bruce* v. *Kelly*, 39 J. & S. 217; *Wylde* v. *N. R. R. Co.*, 53 N. Y. 156, 164; *N. Y. C. Ins. Co.* v. *Nat. P. Ins. Co.*, 20 Barb. 468; *Ferguson* v. *Ferguson*, 2 Comst. 361; *Kelsay* v. *Watson*, Id. 506; *Field* v. *Mayor, etc.*, 2 Seld. 179.)   The measure of damage was the cost of supplying the tannery with water from some other source.   (*In re W. S. & B. R. R. Co.*, 29 Hun, 646; *In re N. Y. L. & W. R. R. Co.* v. *Haskin*, Id. 1.)   There being a total failure of proof of the cause of action set forth in the complaint, no recovery could be had.   (Code of Civil Pro., § 541; *Beard* v. *Yates*, 2 Hun, 466; *Hollister* v. *Englehart*, 11 id. 446; *Arnold* v. *Angell*, 62 N. Y. 508; *Wilbur* v. *Brown*, 3 Den. 356; *Walter* v. *Burnett*, 16 N. Y. 250; *De Graw* v. *Elmore*, 50 id. 1; *Williams* v. *Allen*, 7 Cow. 316; *Payne* v. *Smith*, 19 Wend. 122; *Tilton* v. *Beecher*, 59 N. Y. 176; *People* v. *Tweed*, 63 id. 194; *Swinburne* v. *Nolan*, 30 Hun, 484.)   The negligence of the plaintiff in not supplying the tannery with water from Lake Champlain, and contributing to his own injury for nine years before bringing this action, was gross and fatal.   (*Hamilton* v. *McPherson*, 28 N. Y. 72, 76; 23 Moak's Eng. Note, 100; *Northrup* v. *Hill*, 57 N. Y. 351; *Rexter* v. *Starin*, 73 id. 601; *Claflin* v. *Meyer*, 75 id. 260.)   The action was barred by the six years' limitation.   (Code of Civ. Pro., §§ 382, 383, 415; *Argall* v. *Bryant*, 1 Sandf. 98; *Allen* v. *Todd*, 6 Lans. 222; Wood on Lim., §§ 177, 178 180; *Powers* v. *Council Bluffs*, 45 Ia. 625; *Secor* v. *Sturges*, 16 N. Y. 558; *Filer* v. *N. Y. C. R. R. Co.*, 49 id. 42; *Law* v. *McDonald*, 62 How. 340; *Porter* v. *Cobb*, 22 Hun, 278; *Troy* v. *Cheshire R. R. Co.*, 28 N. H. 83, 102; Wood on Nuisances, 889; *Van Zandt* v. *Mayor, etc.*, 8 Bosw. 375; *Leffingwell* v. *Elliott*, 10 Pick. 204; *Lethbridge* v. *Mytton*, 2 B. & Ald. 773; *Honsoll* v. *Stallebrass*, 11 Ald. & Ellis, 301; *Greene* v. *N. Y. C. R. R. Co.*, 12 Abb. [N. C.] 127.)

*Palmer, Weed, Kellogg & Smith* for respondent.   The plaintiff, Colrick, had an absolute right to have the water from the spring flow to and upon the tannery land in its

ordinary course, subject only to the right of Swinburne to its reasonable use for manufacturing or farming purposes while flowing across or through his land. (*Arnold* v. *Foote*, 12 Wend. 330; *Smith* v. *Adams*, 6 Paige, 435; *Waffle* v. *Porter*, 61 Barb. 131; *Pixley* v *Clark*, 35 N. Y. 529; *Clinton* v. *Myers*, 66 id. 511.) Whether the use by Swinburne was reasonable was a question of fact for the referee. (*Prentice* v. *Geiger*, 74 N. Y. 341, *Bullard* v. *Saratoga Victory Man. Co.*, 77 id. 525; Gould on Waters, § 208.) The rental value of the tannery was the proper measure of damage. (*Cassidy* v. *Le Favre*, 45 N. Y. 562; *Pollett* v. *Long*, 58 Barb. 26; *Whitmore* v. *Bischoff*, 5 Hun, 176; *Chipman* v. *Palmer*, 8 id. 562; 77 N Y. 51; *Francis* v. *Schoellkopf*, 53 id. 152.) The damage done by the diversion of the water did not work a permanent destruction of the value of the real estate, but occasioned damage, so long as the wrongful diversion continued. (*Arnold* v. *H. R. R. R. Co.*, 55 N. Y. 661; *Waggoner* v. *Jermain*, 3 Den. 306; *Corning* v. *Troy I. & N. Fact.*, 40 N. Y. 206; *Contraction S. R.* v. *B. N. Y. Co.*, 51 id. 573; Code of Civ. Pro. §§ 381, 403.) Price obtained at public sale only can be considered on question of value. (*People ex rel.* v. *McCarthy*, 102 N. Y. 630.) The difference in the value of the premises, with or without the water, would be improper as a measure of damages, because that measure assumes the cause of depreciation will be perpetual. (*Whitmore* v. *Bischoff*, 5 Hun, 176.)

ANDREWS, J. The diversion of the water of the spring from its natural channel, whereby the plaintiff's intestate was deprived of its use for his tannery, was a legal injury for which he was entitled to compensation in damages. (*Arnold* v. *Foot*, 12 Wend. 330; *Smith* v. *Adams*, 6 Pai. 435; *Clinton* v. *Myers*, 46 N. Y. 511.) Whether the use by Swinburne was a reasonable exercise of his right, was a question of fact which has been found against him upon sufficient and competent evidence. (*Prentice* v. *Geiger*, 74 N. Y. 341.) The proper rule of damages, under the circumstances, was the

diminished rental value of the tannery premises for the purposes of that business during the period of diversion. The rental value of land is a fact ascertainable with reasonable certainty, and is the basis upon which damages are frequently awarded. (*Cassidy* v. *Le Fevre*, 45 N. Y. 562; *Francis* v. *Schoellkopf*, 53 id. 152.) The complaint was sufficiently specific to authorize the recovery of whatever legal damages were recoverable for the wrong. The gravamen of the action was the wrongful diversion whereby the plaintiff was deprived of the use of the water on his premises for the purposes of his business. It is not material that the plaintiff did not demand the precise damages to which he was entitled, or that he mistook the true rule of damages in his complaint. The complaint averred a legal wrong and a resulting pecuniary injury, and it was competent for the court, under the complaint, to adjust the recovery upon the true basis. It is a sufficient answer to the objection that the plaintiff by his bill of particulars, was confined to a recovery of damages of the exact nature therein specified, that the objection was not taken until the close of the plaintiff's proofs, and after the evidence of rental value had been given without raising any question that it was not competent on the ground of variance from the bill of particulars. This technical objection should have been raised when the evidence was offered, and the court was not bound to entertain it on the motion for a nonsuit.

The action was not barred by the three years' statute of limitations contained in subdivision 4, section 383 of the Code of Civil Procedure. The action was not an action to recover a chattel or damages for taking, detaining, or injuring personal property. Nor was the action barred by the six years' limitation, except as to the damages accrued prior to the six years before the commencement of the action, and the further extension allowed in case of suits by or against executors or administrators. The diversion of the water was a continuing injury, and the wrong was not referable exclusively to the day when the original wrong was committed. (*Arnold* v. *Hudson R. R. R. Co.*, 55 N. Y. 661; *Waggoner* v. *Jermaine*,

3 Denio, 306; *Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 N. Y. 98; *Bare* v. *Hoffman*, 79 Pa. St. 71; *Thayer* v. *Brosks*, 10 Ohio, 489.) The note given by the plaintiff's intestate in 1873, to Swinburne, did not raise any presumption that there was then no cause of action for the wrongful diversion of the water. Moreover the recovery was limited to damages which accrued to that time. The claim that the plaintiff's intestate should have constructed a ditch for returning the water to his premises, or have supplied himself with water from the lake, assumes that he had, or could have procured the right to go upon the premises of strangers for that purpose, of which there is no proof. If the plaintiff's intestate by his culpable neglect or inaction inflamed his damages, the burden of proving it was upon the defendant. There is no evidence upon which such a finding could be required or even justified.

The case does not seem to be very meritorious, but we find no error in the record, and the judgment should, therefore, be affirmed.

All concur.

Judgment affirmed.