## YOUNG *v.* HURD *et al.*

*(Supreme Court, General Term, Third Department.* May 17, 1888.)

DAMAGES—MEASURE OF—RENTAL VALUE OF MILL.

In an action for obstructing the water-power of a saw-mill, the diminution of the rental value of the mill is the proper measure of damages; but a finding fixing such rental value, without taking into consideration the undisputed evidence showing that the entire supply of logs accessible to the mill during the year is less than one month's run, cannot be sustained.

Appeal from judgment on report of referees.

Action by Charles H. Young against John Hurd, Peter McFarlane, and Charles B. Hotchkiss for damages for obstructing the water-power of plaintiff's saw-mill by throwing into the stream the sawdust and other refuse of defendant's mill, three-quarters of a mile further up the stream. Hotchkiss died pending the action, which was, by stipulation and order, continued against the survivors. The action was referred to three referees, and defendants appeal from the judgment entered on their report.

Argued before LEARNED, P. J., and LANDON and INGALLS, JJ.

*L. B. Bunnell,* for appellant. *Louis Hasbrouck,* for respondents.

LEARNED, P. J. The defendants insist that it was erroneous to assess damages on the theory of the rental value of the premises. But we understand that the diminution caused in the rental value is the proper rule in such a case as this. *Colrick* v. *Swinburne,* 105 N. Y. 503, 12 N. E. Rep. 427. The defendants say that the supply of logs was limited to less than one month's run of the mill, and that of necessity the mill must lie still the rest of the year. If this were so, then, of course, the rental value of the mill as it would have been without the alleged obstructions would have been small, and the injury caused by defendants would also have been small. It seems to us that the objection which the defendants urge is not an objection as to the measure of damages, but as to the referees' conclusions of fact. If there were no logs to be had, then the rental value might be little or nothing; and so the defendant Hurd testified that he did not consider the rental value to be anything. The supply of logs would enter into an estimate of the rental value; and, if any witness excluded consideration of that supply in making his estimate, the importance of his estimate would be diminished. The estimates of rental value were widely different. The referees took neither extreme. The plaintiff in his own testimony stated on what he based his estimate of rental value; and it is evident that his estimate took in improper matters. For instance, "what he thought he ought to get;" "if the mill had cost $5,000, he would have increased it proportionately;" "the possibility of logs to saw, etc., entered his mind only in a general way." Now, an opinion of value which thus excludes one of the most important elements is of little weight. The next witness who speaks on this point for plaintiff (Palmer) gives a rental value, and says he assumed there would be logs to saw, and that the mill would be kept running all the time. The next (Burdick) is not shown to have any knowledge on the subject; and he says: "I naturally supposed there would be more or less stuff floating down the river." We need not mention in detail the defendants' testimony on this point. We think that it is evident that the plaintiff's witnesses, in estimating the rental value, gave little or no consideration to the question whether there were any logs to be sawed, or any which could be obtained for that purpose. A mill without logs to saw has not much rental value. Thus the evidence does not justify the conclusion of the referees; for, though opinions of witnesses as to value are proper, yet if it appears, in forming such opinions, the witnesses disregard one of the most important elements, this might almost be called an error of law. At least, it very greatly impairs the value of the opinions. As there must be a

new trial, we think it best not to examine the question of damages on the other branch of the case,—the cost of cleaning out the refuse in the pond, and the duty of the respective parties in regard to that refuse. Judgment reversed, new trial granted, referees discharged, costs to abide event.

LANDON and INGALLS, JJ., concur.