# OLE A. FINNES v. SELOVER, BATES & COMPANY.[1]

May 19, 1911.

Nos.16,963—(79).

**Land contract — statutory notice of cancellation — foreign state — testimony at former trial.**

Action to recover damages for a breach of executory contracts for the conveyance of land in the state of Colorado. The parties to the contracts were residents of the state of Minnesota, the contracts were there made, and were to be performed on the part of the plaintiff therein. *Held:*

1. Chapter 223, Laws 1897, requiring written notice for the cancellation of a contract for the future conveyance of land, if applied to the contracts here in question, does not deprive the defendants of its property without due process of law, contrary to either the state or federal constitution. Finnes v. Selover, Bates & Co., 102 Minn. 334, followed.

2. The testimony of a witness in a former trial between the same parties in a civil action is admissible in a subsequent trial, if he is dead, or not a resident of the state, and not within the jurisdiction of the court. His testimony may be proved by a settled case, and where his testimony is read into the record on the former trial from his deposition the rule applies.

3. There was no reversible error in the admission or exclusion of evidence.

After the last appeal, reported in 108 Minn. 331, 122 N. W. 174, the case was tried before Booth, J., and a jury which returned a verdict in favor of plaintiff for $6,194.66. From an order denying defendant's motion for a new trial, it appealed. Affirmed.

*Arthur W. Selover,* for appellant.

*S. R. Child* and *Benjamin Drake,* for respondent.

START, C. J.

The plaintiff brought this action to recover damages for the failure of the defendant to carry out the provisions, on its part, of two contracts, whereby it agreed to sell, and the plaintiff to buy, two sections of land in the state of Colorado. This is the third appeal in

[1]Reported in 131 N. W. 371.

the case. The first one was from an order overruling a demurrer to the complaint. The order was affirmed. 102 Minn. 334, 113 N. W. 883. A trial of the cause resulted in a verdict for the plaintiff in the sum of $6,173.08, and the defendant appealed from an order denying its motion for judgment or a new trial. A new trial was granted by this court. 108 Minn. 331, 122 N. W. 174. On the second trial the jury returned a verdict for the plaintiff in the sum of $6,194.66. The defendant appealed from an order denying its motion for a new trial.

1. Assignments 1 to 4, inclusive, raise the question whether chapter 223, p. 431, Laws 1897, requiring written notice for the cancellation of a contract for the future conveyance of land, if applied to the contracts here in question, is constitutional. The defendant's contention in this respect is that, so applied, it is deprived of its property without due process of law, contrary to article 1, § 7, state constitution, and also the fourteenth amendment of the constitution of the United States. The same question was raised in this case on the former appeal, and determined adversely to the contention of the defendant, and such adjudication is the law of this case. See also Walsh v. Selover, Bates & Co., 109 Minn. 136, 123 N. W. 291, and 21 Harvard Law Rev. 365.

2. The next alleged error urged is that: "The receipt in evidence of a portion of the settled case on a former trial, purporting to contain a part of an alleged deposition, was error, and such evidence wholly incompetent." This relates to the testimony of a witness, Frank Ady, who was not a resident of the state, nor within the jurisdiction of the court. Thereupon his testimony, as contained in the settled case on the former trial, was offered and received in evidence over the objection of the plaintiff. It appears from the settled case that the testimony of the witness as recorded therein was, without objection, read from his deposition, not from a carbon copy thereof, as plaintiff claims. The records in the office of the clerk of the district court, other than the settled case, contain no evidence of the filing of a deposition of the witness, and no deposition was found. The settled case on the first trial shows that the witness was cross-examined by the defendant.

The testimony of a witness in a former trial between the same parties in a civil action is admissible in a subsequent trial, if he is dead, or not a resident of the state, and without the jurisdiction of the court.    Minneapolis Mill Co. v. Minneapolis & St. Louis Ry. Co., 51 Minn. 304, 53 N. W. 639; King v. McCarthy, 54 Minn. 190, 55 N. W. 960; Hill v. Winston, 73 Minn. 80, 75 N. W. 1030.

The testimony of a witness on a former trial may be proven by a settled case, allowed and certified as required by statute.    If in this case the witness had been orally examined on the trial, there could be no question as to the propriety of receiving the settled case in evidence to show what his testimony was.    There can be no difference in principle, whether the testimony on the former trial was oral or in form of a deposition; for in either case the adverse party had a full opportunity to cross-examine the witness, and the ultimate and material fact to be proven is, What was his testimony on the former trial?    It follows that, if the settled case shows the testimony of the witness on the former trial, the settled case is admissible to show what he testified to, whether the testimony was orally given on the trial, or read into the record from his deposition and incorporated in the settled case.

A further objection to the testimony of this witness was that it was immaterial, because it was directed to the value of the land, without taking into consideration the reservations contained in the contracts.    See 108 Minn. 331, 122 N. W. 174.    The objection is without merit, for the evidence was material, in connection with other evidence showing how much the value of the land was diminished, if at all, by the reservations, and the evidence was admitted on the assurance of plaintiff's counsel that evidence of such diminution would be given.    Such evidence was subsequently received.

3. The defendant offered evidence which, the defendant here claims, showed that the plaintiff was not the real party in interest, in that he had assigned his cause of action to his attorneys.    This was objected to, on the ground that it was incompetent, irrelevant, and immaterial, and the objection was sustained.    The ruling is urged as error.    The evidence certainly was neither relevant nor material to any issue tendered by the pleadings; but, waiving this, we

are of the opinion that the evidence offered, which was documentary, was rightly excluded for the reason assigned by the trial court, namely, that it did not show an assignment of the plaintiff's cause of action.

Order affirmed.