## CHARLES HOWARD and Another v. ILLINOIS CENTRAL RAILROAD COMPANY.[1]

December 15, 1911.

Nos. 17,321—(128).

**Verdict not ambiguous — admissions of party — offer to prove.**

Action to recover damages to the plaintiffs' land, caused by the alleged negligence of the defendant in constructing and maintaining its roadbed, whereby surface waters were cast in destructive quantities upon their land. Verdict for plaintiff for $360, including interest to date. *Held:*

1. The verdict is not void for ambiguity, and it is sustained by the evidence.

2. It is competent to prove admissions of a party to the action, which are relevant and material to the issue, without laying a foundation therefor. Such admissions may be proven by the testimony of the party given on a former trial of the same action, as shown by a settled case relating to his testimony; but the offer must be limited to so much thereof as tends to show the alleged admission.

3. The trial court committed no reversible error, either in its rulings as to the admission of evidence or in its charge to the jury.

[1] Reported in 133 N. W. 557.

After the former appeal, reported in 114 Minn. 189, 130 N. W. 946, the action was tried before Kingsley, J., and a jury which returned a verdict in favor of plaintiff for $360. From an order denying defendant's motion for a new trial, it appealed. Affirmed.

*Catherwood & Nicholsen* and *Maurice O'Conner,* for appellant.

*French & Sasse* and *Dunn & Carlson,* for respondents.

START, C. J.

This is the second appeal in this case. Reference is made to the opinion of the court in affirming, on the first appeal, the order of the trial court denying the defendant's motion for judgment notwithstanding the verdict, and its order granting a new trial. 114 Minn. 189, 130 N. W. 946. On the second trial of the case the jury returned a verdict for the plaintiffs, and assessed their damages in the sum of $360, including interest to date. The defendant appealed from an order denying its motion for a new trial.

1. The first contention of the defendant to be considered is: "That under the preponderance of the evidence upon the trial the verdict should not stand." The case is a close one upon the facts, but the preponderance of the evidence is not so manifestly and palpably against the verdict as to justify this court in disturbing it for the reason urged. The verdict is fairly sustained by the evidence.

2. The verdict in this case was in these words: "We, the jury impaneled and sworn in the above-entitled action, find for the plaintiffs and assess their damages in the sum of three hundred and sixty dollars, including interest to date. Dated at Austin this 17th day of June, A. D. 1911."

It is urged by the defendant that the trial court erred in refusing to set aside the verdict and to grant a new trial, for the alleged reason that the verdict is ambiguous and too uncertain to support the judgment. There is no ambiguity as to the amount of this verdict, for by it the jury assessed the plaintiffs' damages at $360—no more, no less. Nothing is to be added for interest, because interest, as a part of plaintiffs' damages, to the date of the verdict, was included therein by the jury. No question of the right of the jury to include

in their assessment of damages as a part thereof interest to the date of the rendition of the verdict is presented by the record. Therefore we have no occasion to consider whether the case falls within the rule that interest on the value of property lost or destroyed by the negligence of another may be properly included in the damages in an action of tort. Varco v. Chicago, M. & St. P. Ry. Co. 30 Minn. 18, 13 N. W. 921.

3. The plaintiff George Howard testified as a witness on behalf of the plaintiffs on the first trial. He was present in court during the second trial, but was not called as a witness. The defendant at the close of its evidence made this offer: "Defendant now offers in evidence from the settled case of the former trial of this case the evidence, consisting of the direct examination, cross-examination, and redirect examination, of George Howard, one of the plaintiffs in this suit, as an admission against interest on the part of the said George Howard, and as an admission respecting a material fact and facts in this case. (Objected to as incompetent, irrelevant, and immaterial, and not the best evidence. Objection sustained)." This ruling is here assigned as error. It is competent to prove admissions of a party to the action, which are relevant and material to the issue, without first laying a foundation therefor. Such admissions may be proven by the testimony of the party given on a former trial of the same action, as shown by a settled case duly allowed and certified. White v. Collins, 90 Minn. 165, 95 N. W. 765; Finnes v. Selover, Bates & Co. 114 Minn. 339, 131 N. W. 371.

It is not, however, permissible, for the purpose of showing such admissions of a party, to give in evidence the whole of the settled case relating to his testimony on the former trial, and the offer must be limited to so much thereof as fairly tends to show the alleged admissions. The intolerable consequences of any other rule are well illustrated by the record in this case.

The admission of the plaintiff George Howard, sought to be proven by the omnibus offer, was to the effect that he testified on the first trial that before the defendant's railroad was built across the plaintiffs' farm the course of drainage of the land to the west

and northwest of the plaintiffs' farm was toward the east and south, down onto the plaintiffs' farm—a material admission, if understandingly made. The part of the settled case offered occupies over thirty-one closely printed pages of the paper book, or some thirteen thousand words. The part of the settled case offered included all of the objections made to the admission of evidence, the suggestions and arguments of counsel, the rulings of the court thereon, and the entire testimony of the party, a very large portion of which was in no manner relevant or material to the alleged admission.

This testimony as set forth in the settled case, shows that the witness positively testified that before the railroad was built none of the water from the land to the west and northwest of the plaintiffs' farm drained thereon; but in other portions of his testimony, particularly on his cross-examination, he stated that the slope of such land was toward the east and south, and onto plaintiffs' land. His testimony, relevant to the alleged admission, considered in its entirety, indicates that the discrepancy therein might have been due to the confusion of the witness. However this may be, the fact remains that so large a part of the settled case was so immaterial, and so well calculated to confuse and mislead the jury, and to burden and obstruct the orderly administration of justice, that the trial court was justified in sustaining the objection.

It is urged in this connection by the defendant that this specific objection was not made at the trial, and, further, that the testimony tending to show the alleged admission ran through the entire course of the evidence. The record does not sustain the last claim, for, comparatively speaking, only a small portion of his testimony tended to show the alleged admission, and it might readily have been offered separately. The offer was an entire one, and in its entirety it was immaterial, and the objection sufficient.

4. The only other alleged errors urged in the brief are to the effect that the trial court erred in the admission of evidence as to the damages, and in its instructions to the jury. We held on the former appeal in this case that: "The liability of a railroad company for a diversion of surface waters is governed by the same principles as that of individuals. The acquisition of a right of way by

a railway company by condemnation proceedings does not release it from damages which result from its negligent construction and maintenance of its roadbed. * * * A landowner has a right to drain his land for any legitimate purpose; but, if he collects and conveys surface waters off his own land, he must use all reasonable means to avoid unnecessary injury to the land of others." This is the law of this case, and the charge of the court, considered as a whole, was in accordance with this rule, and we find no reversible error therein.

Nor was it error to refuse the defendant's second requested instruction, which was this: "The jury are instructed that it is the law of this state that when an owner improves his land for the purposes for which such land is ordinarily used, doing only what is necessary for that purpose, and being guilty of no negligence in the [manner] of doing it, he is not liable because, as an incident of so improving, surface waters accumulate and flow in streams upon the lands of others." This request is incomplete and liable to mislead the jury, as it omits the qualification that the landowner, in draining his own land, must use all reasonable means to avoid injury to the land of others.

There was no error in the rulings of the court as to the admission of evidence.

Order affirmed.