# EMILY W. SKINNER and Others v. GREAT NORTHERN RAILWAY COMPANY.[1]

March 19, 1915.

Nos. 19,059—(262).

**Obstructing flow of surface water.**

1. One who obstructs the natural flow of water through a natural watercourse is liable to an upper landowner whose lands are damaged and flooded thereby irrespective of negligence.

**Same — liability for negligence.**

2. One may improve his own lands and thereby interfere with the natural flow of surface waters; but in doing so he must proceed reasonably, using his own so as not to interfere unreasonably with the rights of others, and is liable for negligence.

**Same — liability of railway company.**

3. A railroad company, acquiring its right of way either by purchase or condemnation, may make appropriate use of it for the purposes for which it is required; but if it obstructs a natural watercourse, or unreasonably and negligently obstructs the flow of surface waters, it is liable for the damage which it causes.

**Charge to jury.**

4. An instruction as to the effect of a public highway, paralleling the defendant's right of way, upon the duty of the defendant to care for the waters running in a natural watercourse, *held* not prejudicial error.

**Measure of damages.**

5. When the particular tract of land damaged is part of a larger tract constituting a single farm used as such, damages may be assessed upon the basis of the decreased rental value of the whole tract as a farm.

[1] Reported in 151 N. W. 968.

Note.—As to the liability of a railroad company for injury by damming back water of stream, see note in 59 L.R.A. 853.

On the question as to when the statute of limitations begins to run against action for damages to land on account of obstructing stream or surface water, see notes in 20 L.R.A.(N.S.) 886 and 25 L.R.A.(N.S.) 645.

**Continuing but not permanent injury — limitation upon recovery.**

6. When the injury to land is a continuing one, but subject to remedy and not in its nature permanent, a recovery may be had for damages accruing within six years of suit brought, though the cause of the injury arose prior to such six-year period; and in such case one who purchases land after the cause of the injury arose may recover damages accruing while he was owner not antedating the six-year period.

Action in the district court for Hennepin county by the executors of the last will and testament of M. W. Skinner, deceased, and V. H. Van Slyke to recover $19,200 for damages to their land caused by defendant's interference with a natural watercourse by the construction of an embankment and culvert on its right of way. The answer alleged that the cause of action was barred by the statute of limitations. The case was tried before Molyneaux, J., who denied defendant's motion for a directed verdict, and a jury which returned a verdict for $3,000. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Cobb, Wheelwright & Dille* and *C. M. Bracelen,* for appellant.
*Daniel F. Carmichiel,* for respondents.

DIBELL, C.

This is an action to recover damages done to the plaintiffs' farm by flooding it. There was a verdict for the plaintiffs. The defendant appeals from an order denying its alternative motion for judgment or for a new trial.

The plaintiffs' farm consists of 200 acres lying in the vicinity of Lake Katrina in Hennepin county north of defendant's right of way. The defendant's railroad was constructed in 1866. Originally there was a long trestle and bridge southerly of the plaintiffs' lands. In 1897 the railroad filled in the trestle and constructed a culvert for carrying off the surplus water. The natural drainage is from the north to the south.

The plaintiffs claim that there was a natural watercourse coming from Lake Katrina at the place where the railroad built the culvert, and that it made insufficient provision for carrying off the natural

flow of the water in the watercourse.    The defendant denies that there was a defined watercourse, and it claims that it did not obstruct the natural drainage from the north.

The evidence was sufficient that a natural watercourse passed from Lake Katrina at the point where the culvert was made finally draining the waters into Lake Minnetonka.    The proof was nearly conclusive.    Whether or not there was a natural watercourse the evidence was sufficient to show that there was an obstruction to the natural flow of the surface waters by the embankment.

1.  The court charged the jury that if there was a natural watercourse at the point where the culvert was placed, and the defendant constructed the embankment and the culvert so as to interfere with the natural flow of the water, and by reason of it the waters backed up on the land of the plaintiffs and did it damage, the defendant was liable irrespective of negligence; in other words, the court charged the jury that the obstruction of the flow of the natural watercourse was an invasion of the plaintiffs' right.    This is a correct statement of the law.    Fossum v. Chicago, M. & St. P. Ry. Co. 80 Minn. 9, 82 N. W. 979; Jungblum v. Minneapolis, N. U. & S. W. R. Co. 70 Minn. 153, 72 N. W. 971; Byrne v. Minneapolis & St. L. Ry. Co. 38 Minn. 212, 36 N. W. 339, 8 Am. St. 668; Reed v. Board of Park Commrs. of City of Winona, 100 Minn. 167, 110 N. W. 1119.

2.  The court instructed the jury that if there was not a natural watercourse, but the defendant by its embankment and culvert negligently obstructed the natural flow of the surface waters, it was liable.    In other words, in a situation such as just recited, the liability of the defendant was made to rest upon negligence.    This was the equivalent of a statement that the defendant in ridding itself of the surface waters coming to its right of way must give reasonable regard to the rights of other landowners, using its own so as not to interfere unreasonably with the rights of others, and it was correct.    Brown v. Winona & S. W. Ry. Co. 53 Minn. 259, 55 N. W. 123, 39 Am. St. 603; Burnett v. Great Northern Ry. Co. 76 Minn. 461, 79 N. W. 523; Sheehan v. Flynn, 59 Minn. 436, 61 N. W. 462, 26 L.R.A. 632; 3 Dunnell, Minn. Dig. § 10173.

3. The defendant makes the claim that the damages incurred were included in the compensation paid when the right of way was acquired, either by purchase or by condemnation, as early as in 1866. We do not think this view is sound. Whether the premises were obtained by purchase or by condemnation the defendant had a right to make reasonable use of them for railway purposes and was bound to exercise reasonable regard for the rights of adjoining owners. The following cases illustrate the principle: Howard v. Illinois Central R. Co. 116 Minn. 256, 133 N. W. 557; Id. 114 Minn. 189, 130 N. W. 946; Reed v. Board of Park Commrs. of City of Winona, 100 Minn. 167, 110 N. W. 1119; 3 Dunnell, Minn. Dig. § 10173, and cases cited. If there was anything in the particular condemnation or the right of way deeds, to change the result, it was to be shown by the defendant.

4. A short distance northerly of the defendant's right of way, and parallel to it, was a county road having a grade in most places above the level of the land on both sides of it, and a bridge or culvert substantially opposite the railroad culvert. This was constructed before the railroad culvert was constructed and the trestle filled in. The defendant requested the court to charge that there was no liability if the railroad culvert was sufficient to take care of the waters which came through the highway culvert. The court refused this request, and charged that there was no liability if the railroad culvert was sufficient to take care of the water which came through the highway culvert and over the top of the highway. The real question was whether the railroad obstructed the waters coming through the watercourse. It was not liable for an obstruction and backing up of waters caused by the highway. There was no error in refusing the instruction requested by defendant, and no error, prejudicial at least, in the instruction as given. The fact to be found was whether the defendant obstructed the flow of waters, under circumstances making it liable, and if so, to what extent.

5. The evidence showed that the farm consisted of 200 acres, of which substantially 80 acres were low or swampy lands and constituted the meadow which was flooded and to which the direct injury was done. The court charged the jury that the measure

of damages was the decreased rental value of the whole 200 acres as one farm, that is, the difference between the rental value of the farm if the portion flooded had not been flooded and its value with the portion flooded. This instruction has given us some concern. There is evidence that the farm was adapted to use as an entirety and that it was so used. The evidence justified a finding to that effect. The court in effect held that it required it. If it was so adapted and so used the correct measure of damages was stated. With some hesitation we hold that the evidence was such as to make applicable the measure of damages applied.

6. The defendant pleads the statute of limitations claiming that the wrong, if any, was done in 1897, more than six years prior to the commencement of this action, when the changes in the roadbed and bridge were made. If the injury was a continuing one, not in its nature permanent, but such that it might be remedied, and the evidence presented such a case, there was a right of recovery for damages accruing for six years prior to suit brought. And for the reason that the injury was a continuing one, subject to remedy and not permanent in its nature, the plaintiffs, who purchased after 1897, when the cause of the injury was created, could recover for damages sustained while they were owners not antedating the six-year period.

At the suggestion of counsel on both sides that there are other cases pending involving the questions presented in this one, and that it is desirable that the law be settled, we have endeavored to pass upon all points raised by the record so that trials in the other cases may be trials of questions of fact. In view of the other cases pending it is proper to say that parties in cases like this are prone to ascribe injury to a responsible party and to exaggerate their damages. The trial court should see that no imposition is practiced and should not sustain excessive verdicts.

Order affirmed.