LANGNESS, Respondent, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

(168 N. W. 1050).

(File No. 4297. Opinion filed July 22, 1918).

1. **Railroads—Roadbed, Negligent Construction, Flooding Adjacent Land, Damages, Injury, Whether Permanent or Recurrent —Recovery, One Suit or More—Rules Stated—Right-of-Way Deed, Damages Released By.**

In a suit for recovery of damages to plaintiff's land adjacent to a railroad roadbed, for overflow of surface water by reason

of negligent construction of roadbed for want of sufficient water outlet, held, that all damages for injustice occasioned by proper non-negligent construction and maintenance of the roadbed, are of a permanent nature, and recoverable only in a single action by original land owner at time of construction of roadbed; that damages resulting from negligent construction and maintenance thereof are recoverable in successive actions for use and occupation of lands from time to time, as such injuries and damages occur, by persons owning such land at time of occurrence of the injury. Held, further, that the only damages the railroad company was released from under right of way deed, were those following, or those reasonably expected to follow proper construction and maintenance of the road.

2. Pleadings, Negligent Construction of Railroad, Damages from Flooding—Pleading Permanent Damages, Negligent Construction, Evidence of Latter—Allegation of Permanent Damages as Surplusage.

In a suit for damages from overflow of water on plaintiff's land caused by negligent construction and maintenance of defendant's roadbed, the evidence being confined to damages for negligent construction, etc., held, that allegations of permanent damages will be considered as immaterial surplusage.

3. Railroads—Recovery of Damages From Water Overflow, Through Negligent Construction—Filling in Bridge Depression—Instruction re Damages.

In a suit for damages from overflow of plaintiff's land through negligent construction of a railroad roadbed; the evidence showing that an opening in the grade was bridged, which bridge defendant company thereafter removed and filled in the opening and thereafter carried surface waters accumulating near said depression, by ditch to another depression at another bridge, trial court properly instructed that plaintiff could only recover damages caused by removal of the bridge and the filling in; no permanent damages, resulting from proper original construction of roadbed, being recoverable.

4. Railroads—Damages from Flooding Lands—Filling Water Outlet, Proper Construction of Roadbed—Question for Jury—Evidence, Sufficiency.

In a suit for damages for overflow of plaintiff's lands, resulting from filling in by defendant railroad of a water outlet across the roadbed, held, that whether or not such filling in caused the injury complained of, and whether the roadbed was constructed and maintained in a proper, reasonable and skillful manner, were questions for jury. Evidence held sufficient to sustain finding in plaintiff's favor.

5. Damages—Flooding Lands—Construction of Railroad Roadbed, Negligence, Filling Water Outlet—Permanent, or Recurring

Injury—Right to Recover—Subsequent Owner's Right—Rule.

Where plaintiff sought damages against defendant railroad company from flooding of her lands through negligent construction and maintenance of roadbed; evidence showing the company filled a bridged depression outlet and by ditch carried water to another outlet: held, that injury of the character shown is not of that permanent character which results from proper and skillful construction and maintenance of a railway; that if the structure causing the injury is authorized by law, and is carefully and properly constructed with due regard to rights of others, and without negligence in construction, operation or maintenance, there is no liability, if the right for its construction and maintenance has once been obtained and compensated for; while if right to construction and maintenance of what is legally deemed a permanent structure, has not been paid for, there is one right of action, and but one recovery for all damages past and future, right of action being in owner of estate damaged at time of its construction; while if authorized by law, and compensation has been paid for the structure, yet, if negligenty constructed, maintained or operated, it is not in law deemed a permanent structure, but is a continuing nuisance and a right of action for damages resulting from negligence accrues to person injured thereby whenever injury occurs, unless right to maintain a nuisance in that manner has been compensated for. · Held, further, that if improperly and insufficiently constructed, a structure unnecessarily disturbing rights of adjacent property owner, continuance of which injury could be obviated by proper construction, is not a permanent structure, and land owner may assume that when defects are discovered they will be remedied, a right of action accruing for each successivs injury; in which latter case, if original land owner has conveyed to another and subsequently the purchaser receives new injury, he also will have right of action for injuries inflicted after he purchased.

6. Damages, Right to Recover—Negligent Construction of Railroad Roadbed, Flooding Adjacent Lands—Damaging Lands by Misuse of Railroad Property—Rule—Statute Construed—Continuing Nuisance, Rule.

The rule that one must so use his own property as not to unnecessarily or negligently damage that of his neighbor, is applicable to a case involving damages to plaintiff's land from flooding thereof caused by negligent construction and maintenance of a railroad roadbed; since it was clearly the duty of defendant railroad, under Civ. Code, Sec. 947, providing that every corporation constructing, using or owning a railroad shall restore every stream of water, water course, etc., along or upon which a railroad may be constructed to its former state, or to

such condition as that its usefulness shall not be materially impaired and thereafter maintain same in such condition against any effects produced by such railroad,—to so construct its road-bed as not to materially impair usefulness of a national depression as a natural watercourse and outlet across· plaintiff's land, and where jury found that defendant failed to properly maintain its roadbed in such particular, such negligent construction was the temporary cause producing the injury, and was within ordinary rule applicable to continuing nuisance and trespasses; and plaintiff was entitled to maintain suit for such negligent construction and maintenance.

7.  **Damages—Negligent Construction of Railroad Roadbed—Flooding of Lands—Rental Value re Measure of Damages.**

In a suit for damages for overflow of plaintiff's land through negligent construction and maintenance of defendant's railroad roadbed, held, the value of the land during the time plaintiff was thereby deprived of use thereof was the proper measure of damages; the land not being permanently destroyed thereby, the injury being only in temporary interference with use and occupation thereof.

8.  **Damages—Flooding of Lands—Negligent Roadbed—Construction—Nonpermanent Damages Proven—Permanent Injury, Whether Submissable to Jury.**

Where only temporary damages, resulting from overflow of plaintiff's land caused by negligent construction and maintenance of defendant's railroad roadbed are recoverable, trial court properly refused to submit to jury question whether the injury complained of was permanent; since under the evidence plaintiff was entitled to recover continuing damages or nothing, jury being so instructed.

Appeal from Circuit Court, Minnehaha County. HON. JOSEPH W. JONES, Judge.

Action by Mali P. Langness, against the Chicago, Milwaukee & St. Paul Railway Company, a corporation, to recover damages caused by overflow of water from defendant's roadbed upon plaintiff's land. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Porter & Grantham,* and *C. O. Bailey,* for Appellant.
*Berdahl, Waggoner & Stordahl,* for Respondent.

(5)  To point five of the opinion, Appellant cited:

Buntin vs. Chicago R. I. & P. Ry., 41 Fed. 744; Chicago & E. I. R. Co. vs. Loeb (Ill.) 8 N. E. 460; Ridley vs. Seaboard R. R. Co. (N. C.) 24 S. E. 730; Kankakee & S. R. Ry. v. Horan

(Ill.) 23 N. E. 621; Powers vs. Council Bluffs, 45 Ia., 652; Gulf
C. & S. F. Ry. Co. vs. Mosely, 161 Fed. 72.

Respondent cited:

Harvey vs. Mason City & Ft. D. Ry. Co. (Ia.) 105 N. W.
958; Troy vs. Railroad Co. (N. H.) 55 Am. Dec. 177; Wells vs.
Northampton (Mass.) 23 N. E. 724; Aldworth vs. City of Lynn,
(Mass.) 26 N. E. 229.

(6)   To point six of the opinion, Respondent cited:

Troy vs. Cheshire R. Co. (N. H.) 55 Am. Dec. on page 187;
Fremont, E. & M. V. R. Co. v. Harlin, (Neb.) 70 N. W. 263;
Railroad Co. vs. Salmon, 39 N. J. Law 299; Hunt vs. Railroad
Co. (Ia.), 52 N. W. 668; Mo. Pac. Ry. Co. vs. Hemmingway
(Neb.) 88 N. W. 675.

(7)   To point seven of the opinion, Respondent cited:

Farnham, Waters, page 1869; Quinn vs. C. M. & St. P. Ry.
Co. (S. D.) 120 N. W. 884; Gulf, C. & S. F. R. Co. vs. Hepner
(Tex.) 18 S. W. 441; St. Louis, I. M. & S. R. Co. vs. Lyman
(Ark.) 22 S. W. 170.

McCOY, J.   From the allegations of plaintiff's complaint it
appears that she is the owner of a certain one-half section of land
in Minnehaha county which is crossed by the roadbed of defendant;
that to the westward of said land and railway roadbed is the Sioux
river; that the natural slope of said lands is westward towards
the river; that the said lands lying east of the roadbed slope west-
ward towards the roadbed, and that a portion of said land is a
depression through which the surface waters coming upon said
lands find a natural outlet into the river; that defendant construct-
ed said roadbed over 25 years ago, and for a long time after its
construction maintained an opening therein, where it crosses said
depression, for the purpose of giving such surface waters an outlet
into the river; that thereafter, and at some time before plaintiff
became the owner of said land, the defendant filled in and closed
said opening in its roadbed across said depression, and has ever
since carelessly, unskillfully, and negligently failed to provide and
maintain a proper outlet or escape either through or along its road-
bed for surface water accumulating on the east side of the road-
bed; that it was the duty of defendant to provide and maintain an
outlet through or along its roadbed sufficient for the escape of
surface waters, and to restore the said depression, channel, or

water course, to its former condition of usefulness, all of which defendant has negligently failed and refused to do; that by reason thereof plaintiff has suffered great damage in this: That surface waters accumulate in said depression, back up on plaintiff's land after rainstorms, and remain stagnant thereon for long periods of time, and destroy crops and vegetation growing thereon, and have made it impossible for plaintiff properly to till and cultivate or put to profitable use, and thereby rendering valueless, for the last six years, about 20 acres of said land, to the drainage of plaintiff in the sum of $750.

Defendant interposed answer, denying that plaintiff suffered injury, and alleging that it constructed its roadbed and grade over and across the said lands in a skillful, careful, and proper manner for the purpose of use in its railroad business, and that no other or further damage resulted to said property than necessarily resulted from the construction of said roadbed and grade for protection and preservation thereof, and necessary to its utility, safety, and permanency; that prior to the plaintiff's ownership or interest in said land the said roadbed and grade were constructed in their present location and condition, and that whatever injury resulted or may hereafter result thereto by the construction and maintenance of said roadbed was done and suffered prior to the plaintiff's ownership; and that defendant made full compensation to the then owner of said property for all damages resulting or thereafter to be sustained by reason of the said construction of said roadbed.

On the trial of the issues, verdict and judgment were in favor of plaintiff for the sum of $597.25 damages. Defendant appeals, alleging insufficiency of the evidence to justify the verdict, errors of law occurring at the trial, excessive damages, and that the verdict and judgment are against the law.

[1-4] The appellant, by its assignments of error, presents for determination the proposition whether the injury complained of is one permanent to the land, recoverable in a single action, or whether the injury is of a recurrent, continuing nature dependent upon varying weather and climate conditions upon which successful actions may be brought for injury to the use and occupation of the land from year to year, whenever such injuries occur. There is no doubt but what it has been soundly held by many courts of last resort that all damages for injuries occasioned by proper non-

negligent construction and maintenance of railway roadbeds are of a permanent nature, recoverable only in a single action by the original owner at the time of the construction of such roadbed. There is no doubt, but what many courts of last resort have also soundly held that damages resulting from negligent construction and maintenance of roadbeds may be recovered in successive actions for the use and occupation of lands from time to time, as such injuries and damages occur, by the persons who may happen to own such lands at the time of the occurrence of such injury. The keynote to the solution of this proposition appears to have been struck in the case of Lunden v. Railway Company, 31 S. D. 357, 141 N. W. 93, wherein this court said:

"It follows that the only damages appellant was released from [by the right of way deed] were those following or those reasonably expected to follow the proper construction and maintenance of such road."

From a careful consideration of the complaint it will be observed that plaintiff's cause of action is based upon alleged negligence in construction and maintenance of its roadbed, thereby causing the injury complained of. Some of the allegations of plaintiff's complaint, if standing alone, are broad enough to cover and include permanent damages; but as the testimony offered by plaintiff only pertained to damages by reason of negligent construction and maintenance of appellant's roadbed, by reason of which surface waters accumulated on her land after heavy rains, and respondent having offered no evidence touching upon the question of permanent damages, the allegations of the complaint in relation to permanent damages will be considered as immaterial surplusage. It was proper for the trial court, under the complaint and evidence, to adjust the recovery upon its true basis, which the court in this action very properly did, by instructing the jury that plaintiff could only recover damages caused by the removal of the bridge and filling in of the grade where it crossed said depression. Colrick v. Swinburne et al., 105 N. Y. 503, 12 N. E. 427. It appears from the evidence that this opening in the grade where it crossed said depression was in the shape of a bridge about 32 feet long, and which bridge about the year 1900 appellant removed and filled in the opening, and thereafter carried the surface waters that accumulated on the east side of the track by means of a ditch to

another depression some distance farther to the southward, where there was another bridge and an opening permitting the waters to escape from the east side of the track into the river. The removal of the bridge in question and the filling in of the grade and closing of the opening in the depression is the only negligent act of appellant which is claimed by respondent to have caused the injury on which this action is based. Whether or not the filing in of this opening across this particular depression caused the injury complained of was one of the disputed questions of fact in this case, and upon this proposition there was some conflict in the testimony. We are of the view, however, that there is ample evidence to sustain the finding of the jury in favor of the plaintiff upon this disputed question of fact, and it will serve no useful purpose to fully repeat the substance thereof in this opinion. Whether the appellant constructed and maintained its roadbed in a proper, reasonable, and skillful manner, was also a question for the jury, upon which issue there was ample evidence to sustain the verdict. Melendy v. C., M. & St. P. Ry. Co., 132 Ill. 431.

[5, 6] Upon the vital proposition as to whether plaintiff can maintain this action, which depends upon whether or not the injury complained of was permanent to the land, or of a recruiting and continuing nature, we are of the view that a consensus of the decisions of the various courts of last resort reach the conclusion that injury, of the character shown in this action, is not of that permanent character which results from proper and skillful construction and maintenance of a railway. The rule of law seems to be well settled that if the structure complained of, which caused the injury, is authorized by law and is carefully and properly constructed with due regard to the rights of others, and there is no negligence, either in construction, operation, or maintenance, there is no liability, if the right to its construction and maintenance has once been obtained and compensated for. If the right to the construction and maintenance of such a structure, which in law is considered permanent, has not been paid for, there is but one right of action, and there can be but one recovery for all the damages, past and future, and the right of action is in the owner of the estate that is damaged at the time of its construction. But even if the structure is authorized by law, and compensation has been paid for it, yet, if it is negligently constructed, maintained, or

operated, then it is in law not considered a permanent structure, but is a continuing nuisance, and a right of action for the damages resulting from the negligence accrues to the person who is injured thereby whenever the injury may occur, unless the right to maintain the nuisance in that particular manner has been compensated for.

A structure improperly and insufficiently constructed, that unnecessarily disturbs the rights of an adjoining property owner, and the continuance of which injury could be obviated by a proper construction, is not a permanent structure, and the adjacent landowner has the right to assume that, when the defects have been discovered, they will be remedied, and a right of action accrues for each successive injury. In the first case the right of action is in the person owning the land at the time the permanent structure is erected. In the latter case the owner of the land when the structure is erected has a right of action for the injury he suffers, and if he conveys to another, and subsequently the purchaser receives new injuries, he will also have a right of action for the injuries inflicted upon the land after he purchased it. Melendy v. C., M. & St. P. Ry. Co., supra. The case of Harvey v. Mason City & Ft. D. Ry. Co., 129 Iowa, 465, 105 N. W. 958, 3 L. R. A. 973, 113 Am. St. Rep. 483, is very instructive upon the proposition now before us, and fully reviews the authorities, bearing upon this proposition, cited by appellant. In that case the court held that, where the injury to land caused by the damming of surface waters is one which will continue indefinitely, without change from any cause but human labor, the damages are original, and but one recovery can be had for the decrease in the fair market value of property on account of the injury; but where the injury is temporary, or of a continuing or intermittent character, the cause for which can be easily remedied by proper construction, the damages are ordinarily regarded as continuous, and one recovery against the wrongdoer is not a bar to separate actions for damages thereafter accruing from the same wrong. The following decisions fully sustain this view: Wells v. ew Haven & N. Ry., 151 Mass. 46, 23 N. E. 724, 21 Am. St. Rep. 423; Fremont, E. & M. V. Ry. Co. v. Harlin, 50 Neb. 698, 70 N. W. 263, 36 L. R. A. 417, 61 Am. St. Rep. 578; Ry. Co. v. Salmon, 39 N. J. Law, 299, 23 Am. Rep. 214; C., B. & Q. Ry. Co. v. Mitchell, 74 Neb. 563, 104 N. W. 1144; Troy v.

Cheshire Ry. Co., 23 N. H. 83, 55 Am. Dec. 177; St. Louis Ry. v. Biggs, 52 Ark. 240, 12 S. W. 331, 6 L. R. A. 804, 20 Am. St. Rep. 174; Austin & N. W. Ry. v. Anderson, 79 Tex. 427, 15 S. W. 484, 23 Am. St. Rep. 350; Skinner v. Railway Co., 129 Minn. 113, 151 N. W. 968; Mo. Pac. Ry. Co. v. Hemingway, 63 Neb. 610, 88 N. W. 673, Hunt v. Iowa Cent. Ry., 86 Iowa, 15, 52 N. W. 668, 41 Am. St. Rep. 473; Hord v. Holston Riv. Co., 122 Tenn. 399, 123 S. W. 637, 135 Am. St. Rep. 878, 19 Ann. Cas. 331, and note.

The rule that one must so use his own property as not to unnecessarily or negligently damage that of his neighbor is applicable to circumstances like those disclosed in this case. Fleming v. Elgin, J. & E. Ry., 275 Ill. 486, 114 N. E. 187; Skinner v. Railway Co., supra.

[6] It was clearly the duty of appellant, under the provisions of section 497, Civil Code, to so construct its said roadbed as not to materially impair the usefulness of said natural depression as a natural water course and outlet across respondent's land. The finding of the jury is to the effect that appellant failed to maintain its said roadbed in a proper or skillful manner in this particular. Such negligent construction, being easy to obviate, was therefore the temporary cause that produced the said injury to plaintiff's land, and falls within the ordinary rule applicable to continuing nuisances and trespasses announced in the herein cited cases. Hence we are of the view, and so hold, that plaintiff, the respondent, was entitled to maintain this action.

[7] Appellant also contends that the trial court applied an erroneous measure of damage by permitting respondent to recover the rental value of the land during the time she was deprived of the use thereof. There is lack of uniformity in the rule as to the measure of damages in this character of causes, some courts permitting the plaintiff to recover the value of the crops that might have been grown thereon during the time in question; others permit the plaintiff to recover the rental value; while others apply other rules. We are of the view, however, that the rental value rule is the most just and capable of being determined with more certainty and accuracy than any of the rules applied. In this case respondent's land was in no manner permanently destroyed by reason of the flooding and backing up of the water thereon, but the injury thereto was only in the interference with the use and occu-

pation thereof dependent upon the intermittent wetness or dryness of the seasons. Where the use of land is temporarily interfered with by the continuing nuisance of backwater thereon, the rental value of such land for the period of time the same is so interfered with is a proper measure of damage. Skinner v. Railway Co., supra; Atchison & T. Ry. Co. v. Jones, 110 Ill. App. 626; Colrick v. Swinburne, 105 N. Y. 503, 12 N. E. 427.

[8] Appellant also complains of the refusal of the trial court to submit to the jury the question as to whether the injury complained of was permanent. We are of the view, based upon the evidence in this case, that the issues were properly submitted to the jury. The only evidence offered, and the only claim to damages by plaintiff, as disclosed by her evidence, was based upon appellant's negligent failure to construct and maintain its roadbed in a proper and skillful manner. The only damages possible for plaintiff to recover in this action were those not of a permanent nature, but continuing damages, as distinguished from permanent damages, in this character of actions. As a matter of law, under the circumstances of this case, plaintiff was entitled to recover continuing damages or nothing, and the jury were so instructed. Permanent damages, resulting from skillful construction and maintenance, were not sought or claimed by respondent by her evidence.

Finding no error in the record, the judgment and order appealed from are affirmed.