CLARA GERALDINE BUSH v. CITY OF ROCHESTER.[1]

May 25, 1934.

No. 29,826.

*James T. Spillane*, for appellant.
*Fraser & Fraser*, for respondent.

*DEVANEY, Chief Justice.*

This is an appeal from a judgment entered in the lower court upon the verdict of a jury in favor of the plaintiff, the owner of two acres of land bordering the city of Rochester, Minnesota. The verdict is for damage suffered to plaintiff's land resulting from the alleged negligence of defendant city in building a graded street south of plaintiff's land without adequately providing for the drainage of surface waters. There was no motion for judgment notwithstanding or for a new trial.

Some 20 years ago the town board of Rochester established a town road on the south side of plaintiff's two-acre tract. For the

[1]Reported in 255 N. W. 256.

purpose of caring for surface waters, an 18-inch culvert was installed under this town road in the bed of a natural ditch which antedated the building of the road. At a later date the land in the vicinity of plaintiff's tract was included within the city limits of Rochester. In 1928 the city established a 75-foot street on the site of the old town road and proceeded to grade it, cutting down a hill to the west of plaintiff's land and building a graded street to the south of the same. The work of grading the street was completed early in 1929, but, in the process of building, the culvert which had run under the old town road was buried and the ditch was filled in. It is claimed by plaintiff that no adequate provision was made to replace this means of caring for surface water. There is testimony in the record to support the claim that a ditch drain or culvert of some proper character was needed to care for waters accumulating from the usual seasonal rains. There is also support for the claim that the erection of the high bank of loose dirt and gravel, an incident necessary to the grading of this street, caused much loose dirt and gravel to be washed onto plaintiff's land by falling rain and moving water. Thereby the peonies and gladioli which plaintiff cultivated were flooded, the terraced soil in which the plants were growing was removed, and other damage was caused to her crops and property. The defendant city admits that it changed the course of the water as it flowed toward plaintiff's land. It denies the existence of a natural watercourse and avers that it reconstructed proper and suitable drains or ditches. The defendant also claims that the improvement caused no additional surface water to be diverted over plaintiff's land and that the change in the course of the surface waters was merely incidental.

We are dealing here with surface waters. By the rule of the common law, adhered to by this court, a landowner may within reason appropriate to his own use or expel from his own land all mere surface water. Surface water is regarded as a common enemy which every proprietor may fight or rid himself of as he chooses. Sheehan v. Flynn, 59 Minn. 436, 442, 61 N. W. 462, 26 L. R. A. 632. Since the early case of O'Brien v. City of St. Paul, 25 Minn. 331, 33 A. S. R. 470, this court has followed the rule that municipal

corporations and towns, in the control and improvement of streets, have the same rights and liabilities in respect to surface waters as do private landowners. A municipality is liable for damage caused to private property by grading streets where a private owner, making similar improvements on his own land, would be liable. Any right to cause damage beyond that which a private owner may cause without liability must be acquired through the right of eminent domain. The court said in the O'Brien case, 25 Minn. 331, 334:

"Other decisions attribute to a municipal corporation, in the control and improvement of streets for public use, the same rights and power as a private owner has over his own land, subject to the same liabilities; and hold that the corporation will be liable for damages caused to private property by grading streets, when a private owner of the soil over which the streets are laid would be liable if improving it for his own use; and that the right to cause damage beyond that which a private owner may cause without liability must be acquired through the right of eminent domain. * * * The principle of this latter class of cases we deem to be most sound, as it is most in accordance with justice and with the protection to private rights against encroachment by the public, which the constitution aims to give."

The spread and diffusion of water over adjacent land is recognized as a necessary consequence of improvement. What is reasonable use is subject to question and in many cases must be determined by the jury upon the facts and circumstances of the particular case. In our cases the terms negligence, Skinner v. G. N. Ry. Co. 129 Minn. 113, 115, 151 N. W. 968; trespass, Kiefer v. County of Ramsey, 140 Minn. 143, 167 N. W. 362; and nuisance, O'Brien v. City of St. Paul, 18 Minn. 163 (176), are sometimes loosely applied to the improper diversion of surface waters. Even in Sheehan v. Flynn, 59 Minn. 436, 61 N. W. 462, 26 L. R. A. 632, the phrase "reasonable care" is sometimes used where obviously "reasonable use" is intended. The common law doctrine as there modified is still in force in this state. The disposition of surface

water must be "reasonable under all the circumstances," and the consequent injury to others must not be so great, as compared to the benefit derived, as to make it unreasonable on that account. If a municipality in the improvement of its streets collects surface waters, it is bound both to care for the same when reasonably practicable and to prevent damage to others. This duty is not absolute. Reasonable regard for the rights of others is required so that injury may be prevented. The complaint in the case at bar alleges among other things that the damage to plaintiff's property was caused "through the carelessness and negligence of the said city of Rochester, by reason of the closing of said culvert, and the raising of said embankment, leaving loose material and dirt to wash onto her premises." The court instructed the jury that plaintiff must submit proof of the existence prior to the building of the graded street of a natural, well-defined channel or an artificial, well-defined channel through which surface waters flowed and must show that the damage to her property could have been avoided by the exercise of reasonable care on the part of defendant. As said in Skinner v. G. N. Ry. Co. 129 Minn. 113, 151 N. W. 968, this was the equivalent of a statement that defendant must give reasonable regard to the rights of other landowners. The court further instructed the jury that if there was no channel, natural or artificial, before the improvement and the city diverted surface water from its natural course and cast the same upon plaintiff's property in destructive quantities or otherwise failed to exercise reasonable care to avoid injuring plaintiff's property, it would be obliged to respond in damages. The court set forth with considerable particularity for the jury's guidance the precise way in which the defendant might act to cause or to avoid damage. The instruction to the jury was full and fair. The issue was by these instructions fairly submitted. There was ample evidence to sustain the verdict. There is no reason or occasion for disturbing it.

Judgment affirmed.